Charlotte Ann Campdera BRADFORD, Appellant,

v.

Antonio Juan CAMPDERA et al., Appellees.

No. 5277.

Court of Civil Appeals of Texas, Eastland.

April 12, 1979.

Rehearing Denied May 24, 1979.

**502**

Thomas P. Earls, Dallas, for appellant.

Martin L. Kahn, Dennis G. Brewer, Dennis G. Brewer, Inc., Irving, Stephen R. Bishop, True & Zable, Dallas, for appellees.

RALEIGH BROWN, Justice.

Charlotte Ann Bradford, mother and managing conservator of two minor daughters, initiated contempt proceedings against Antonio Juan Campdera, father and possessory conservator of the two girls, for failure to comply with support orders. Campdera responded by filing a contempt motion against Mrs. Bradford and also an application to change managing conservator from Mrs. Bradford to him which was subsequently nonsuited.

During the course of the trial, Mrs. Bradford caused to be issued a subpoena duces tecum for four witnesses. One of the witnesses procured the services of Martin L. Kahn, a licensed attorney, to file a motion

to quash the subpoena. Roy J. True, a licensed attorney, was employed by the other three witnesses to provide similar services. The court quashed all of the subpoenas duces tecum.

In its final judgment, the court vacated and set aside portions of the support order, denied the contempt motions of both parties, denied Mrs. Bradford attorney's fees and awarded True and Kahn, respectively, the sum of $2000 and $800 attorney's fees in connection with quashing the subpoenas. Mrs. Bradford appeals. We reverse and render in part and affirm in part.

Appellant contends the court erred in awarding Kahn and True attorney's fees, and in denying her recovery of reasonable and necessary attorney's fees incurred in defending against the motion to modify conservatorship filed and nonsuited by Campdera.

Section 11.18, Family Code, provides:

(a) In any proceeding under this subtitle, the court may award costs as in other civil cases. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name.

The court in *Derbonne v. Derbonne*, 555 S.W.2d 507 (Tex.Civ.App.—Houston (14th Dist.) 1977, writ dism'd) held that Section 11.18 authorizes the discretionary award of attorney's fees saying:

We hold that the action of the trial court in not awarding attorney's fees was within its discretion. The original action to change custody brought by appellant and the cross-action to increase child support were proceedings falling under Title 2, Subtitle A of the Texas Family Code dealing with suits affecting the parent-child relationship. See Tex. Family Code Ann. § 11.01(5) (1975), and § 14.08 (Supp. 1976). . . .

It is clear from the wording of this section, and it has been so held, that the award of attorney's fees in such proceedings is within the court's discretion. *Labowitz v. Labowitz*, 542 S.W.2d 922, 927

(Tex.Civ.App.—Dallas 1976, no writ).
. . .

In *Labowitz v. Labowitz*, 542 S.W.2d 922 (Tex.Civ.App.—Dallas 1976, no writ), the court said:

Mrs. Labowitz's final contention is that the trial court erred in not granting her attorney's fees because her ex-husband had no reasonable basis for the motion to modify. Since we have concluded that Mr. Labowitz had a reasonable basis for the motion to modify, this point is also overruled. Furthermore, Tex.Family Code Ann. § 11.18(a) (Vernon 1975) gives the trial court discretion to grant attorney's fees; from the record here we cannot say that the court abused its discretion in refusing to do so. Cf. *Forney v. Jorrie*, 511 S.W.2d 379, 387 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.).

Mrs. Bradford has not contended that the court abused its discretion in denying her attorney's fees, therefore, such portion of the judgment will be affirmed.

■ Clearly, Section 11.18(a) of the Texas Family Code authorizes an award of attorney's fees and permits such fees to be taxed as costs in a proceeding affecting the parent-child relationship, as in other civil cases. *Derbonne v. Derbonne*, supra; *Labowitz v. Labowitz*, supra. Historically, Texas has permitted the recovery of attorney's fees only if provided by statute or contract between the parties. We must determine if attorney's fees are recoverable as costs in a proceeding to quash or modify a subpoena duces tecum.

The court in *Turner v. Turner*, 385 S.W.2d 230 (Tex.1964), discussing the rule, said:

The general rule of law in this state is that, unless provided for by statute or by contract between the parties, attorney's fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or by suit upon a contract. *Van Zandt v. Ft. Worth Press*, 359 S.W.2d 893, 896(5), Tex.Sup.1962; *Perry v. Leuttich*, 132 Tex. 159, 121 S.W.2d 332, 333(2–4), 1938; *Wm. Cameron & Co. v. American Surety Co. of New York*, 55 S.W.2d 1032, 1035(3), Tex.Com.App., 1932; *Sherrick v. Wyland*, 14 Tex.Civ.App. 299, 37 S.W. 345, 1896.

The court in *New Amsterdam Casualty Company v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967) said:

In *Mundy v. Knutson Construction Co.*, 156 Tex. 211, 294 S.W.2d 371 (1956) we reaffirmed the rule previously recognized as settled law in *Wm. Cameron & Co. Inc. v. American Surety Co.*, 55 S.W.2d 1032 (Tex.Com.App.1932) that attorney's fees are not recoverable either in an action in tort or a suit upon a contract unless provided by statute or by contract between the parties. See also *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893 (Tex.Sup. 1962), and cases there cited, stating the rule that statutory provisions for the recovery of attorney's fees are in derogation of the common law, are penal in nature and must be *strictly construed.* (Emphasis ours)

In the case at bar, there is no contractual obligation to authorize attorney's fees for Kahn and True. Therefore, the award of attorney's fees must be reversed unless there is statutory authority for such awards.

Tex.R.Civ.P. 177a, under which the clients of Kahn and True sought protection, provides:

A subpoena may also command the person to whom it is directed to produce the books, papers, documents or tangible things designated therein; but the court, on motion made seasonably and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive or (2) condition denial of the motion to quash or modify upon the advancement by the person in whose behalf the subpoena is issued, of the reasonable costs of producing the books, papers, documents or tangible things.

■ A strict construction of the phrase, "the reasonable costs of producing the books, papers, documents, or tangible

things," does not authorize an award of attorney's fees taxed as costs. In our examination of the rules, we find no statutory authority for the recovery of attorney's fees in a proceeding to quash or modify a subpoena duces tecum, and appellees have cited none. We disagree with the contentions of appellees Kahn and True that the protective provisions of Rules 186b and 215a, Tex. R.Civ.P., have application in the instant case. This case deals specifically with Rule 177a, Tex.R.Civ.P., and motions to quash subpoenas duces tecum. The trial court, therefore, erred in awarding attorney's fees to Kahn and True.

We have considered all other points of error, and they are overruled.

That portion of the judgment which awards attorney's fees to Kahn and True will be reversed and rendered that they take nothing; in all other respects, the judgment is affirmed.