Bettie Jo HOLLAND, Petitioner,

v.

WAL–MART STORES,
INC., Respondent.

No. 97–1140.

Supreme Court of Texas.

July 1, 1999.

Darrin M. Walker, George Chandler, William Jeff Paradowski, Lufkin, for Petitioner.

J. Preston Wrotenbery, Kevin D. Jewell, Houston, for Respondent.

PER CURIAM.

On April 30, 1998, we issued a per curiam opinion denying Bettie Jo Holland's petition for review and Wal–Mart Stores, Inc.'s cross-petition for review. We granted Wal–Mart's motion for rehearing on December 3, 1998, and withdrew our original opinion. We now substitute the following opinion.

The issue in this case is whether a claimant can recover attorney's fees in a worker's compensation discrimination case under former article 8307c of the Texas Revised Civil Statutes. *See* Act of May 7, 1971, 62nd Leg., R.S., ch. 115, 1971 Tex. Gen. Laws 884, *repealed by* Act of May 22, 1993, 73rd Leg., R.S., ch. 269, § 5(1), 1993 Tex. Gen. Laws 987, 1273 (current version at TEX. LAB.CODE § 451.002). The court of appeals held that a plaintiff may recover attorney's fees under article 8307c and affirmed the award in this case. 956 S.W.2d 590. In the alternative, the court of appeals held that the defendant waived or invited any error in the award of attorney's fees to the plaintiff. *Id.* at 600. We conclude that both holdings are in error. Therefore, we reverse the judgment of the court of appeals in part, reforming the judgment to delete the award of attorney's fees.

Bettie Jo Holland worked as a stocker in the Palestine, Texas, warehouse of Wal–Mart Stores, Inc. She suffered a back injury after lifting an eighty-pound box of wrenches. She alleges that, after she reported the injury to her supervisor, he retaliated by assigning her to an even more demanding lifting job that he knew might further injure her. After performing that assignment, Holland claimed that she indeed suffered further injury to her back and took several months off to recuperate. During this time, she filed a worker's compensation claim with National Union Fire Insurance Co. of Pittsburgh, Pennsylvania, Wal–Mart's worker's compensation insurance carrier.[1]

Before settling her worker's compensation case, Holland filed this lawsuit against National Union, Corporate Services, Inc. (an independent claims adjuster), and Wal–Mart. Asserting claims under the Insurance Code and the Texas Deceptive Trade Practices Act (DTPA), she alleged that the defendants acted in bad faith and conspired to wrongfully deny or delay her compensation benefits. Holland also asserted a worker's compensation discrimination claim against Wal–Mart under for-

---

1. Although Wal–Mart never terminated Holland's employment and offered Holland a light duty job several months after her injury, her doctor investigated the specific requirements of the position and determined that it was not suitable. Holland did not return to work at Wal–Mart and never obtained substitute employment.

mer article 8307c of the Revised Civil Statutes, alleging that Wal–Mart retaliated against her for reporting a work-related injury.

In connection with her discrimination suit against Wal–Mart, Holland sought actual damages, exemplary damages, and attorney's fees. At the charge conference, Wal–Mart objected to submitting a jury question about attorney's fees on the ground that there was no evidence to support its submission in connection with the discrimination claim. Wal–Mart did not object to the question on the ground that such fees are not recoverable under article 8307c as a matter of law. Instead, Wal–Mart specifically requested that the attorney's fee question be submitted with an instruction limiting recovery of attorney's fees to only those fees incurred in connection with the discrimination claim.[2] Noting that the attorney's fee issue was already conditionally submitted on an affirmative finding of liability on the dis-

crimination claim, the trial judge overruled both of Wal–Mart's objections.

The jury found no liability on the DTPA, Insurance Code, and bad faith claims. However, it did find Wal–Mart liable for discrimination and awarded Holland $250,-000 for physical impairment in the future, $1,500,000 as exemplary damages, $5,000 for mental anguish, and attorney's fees of one-third of Holland's total recovery.[3] Wal–Mart moved for judgment notwithstanding the verdict. In its motion, Wal–Mart argued for the first time that attorney's fees are not recoverable under Article 8307c as a matter of law.[4] Alternatively, it also renewed its objection that there was no evidence to support such an award, and further in the alternative urged that any such evidence was factually insufficient to support the amount awarded. After hearing argument on the motion, the trial court rendered judgment for Holland, awarding her all damages assessed by the jury.

2. At the charge conference, Wal–Mart's attorneys argued the following with regard to jury question 12 about attorney's fees:

[F]irst, I would ask that the court give a limiting instruction under number twelve. That's the reasonable attorney's fees for services in connection with Bettie Jo Holland's recovery. She can only recover in this question as to the services rendered in connection with the discrimination case. That's not clear in here, although it refers back to the initial discrimination question, I understand. I'm going to ask the court and tender to the court an instruction that says attorney's fees are awarded on damages found in question number nine. Additionally, attorney's fees must only be considered for services rendered in connection with B.J. Holland's claim for discrimination. The reason I bring that up is I believe there's been no evidence whatsoever by plaintiff to allow for question number twelve to be submitted ... And as a result, we believe that particularly a limiting instruction would be appropriate and that there's no evidence to support a submission for attorney's fees in connection with the discrimination case ... we think it's particularly important in light of the fact that since the lack of good faith and fair dealing cause of action is a tort and attorney's fees are not recoverable for that tort. . . .

3. This trial preceded our opinion in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818–19 (Tex.1997), which held that percentage of recovery is not a proper measure of reasonable attorney's fees. Wal–Mart argued to both the court of appeals and this Court that Holland did not adduce the type of evidence necessary to recover attorney's fees under *Arthur Andersen*. The court of appeals held that Wal–Mart's "no-evidence" objection to the attorney's fee question was not sufficiently specific to preserve its complaint that percentage recovery is an improper legal standard. 956 S.W.2d at 600. Because of our disposition of this case, however, we need not address this issue.

4. Wal–Mart argued:

In response to Question No. 12, the jury awarded attorney's fees of 33 & 1/3%. Attorney's fees are not recoverable under Art. 8307c. . . . Attorney's fees are not recoverable in an action unless provided for by statute. [citations omitted]. Article 8307c makes no provision for the recovery of attorney's fees. Additionally, there exists no Texas case holding that a plaintiff who successfully prosecutes an action for wrongful discrimination under the Worker's Compensation Act is entitled to recover attorney's fees.

Wal–Mart appealed. The court of appeals held in pertinent part that a plaintiff may recover attorney's fees under article 8307c, stating that "the causation standard under 8307c allows for the recovery of attorney's fees . . . [because it] permits the victim of retaliation to recover all reasonable damages suffered *as a result of the retaliatory discrimination.*" 956 S.W.2d at 600. In the alternative, the court of appeals held that Wal–Mart either "waived error in the submission of the attorney's fees question to the jury by failing to object to its submission at the charge conference" or invited error by arguing that the question on attorney's fees should be specifically tied to a finding of liability in the discrimination action. *Id.*

To preserve a complaint for appellate review, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefore, and obtain a ruling. *See* TEX.R.APP. P. 52(a), *superseded* September 1, 1997 (current version at TEX.R.APP. P. 33.1(a)). The court of appeals held that Wal–Mart failed to preserve error on its claim that attorney's fees are not available for statutory retaliatory discrimination. We disagree.

■ The availability of attorney's fees under a particular statute is a question of law for the court. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex. 1989) (observing that statutory construction is a question of law). Consequently, the jury's finding about the *amount* of reasonable attorney's fees is immaterial to the ultimate legal issue of whether such fees are recoverable under former article 8307c as a matter of law. By asserting nonrecoverability in its motion for j.n.o.v., Wal–Mart gave the trial court ample opportunity to rule on the availability of attorney's fees before an erroneous judgment was rendered.

■ This is not a case in which the trial court had to resolve a legal issue before the jury could properly perform its fact-finding role. In such instances, a par-

ty must lodge an objection in time for the trial court to make an appropriate ruling without having to order a new trial. *See, e.g., St. Paul Surplus Lines Ins. Co. v. Dal–Worth Tank Co.,* 974 S.W.2d 51, 53 (Tex.1998) (to preserve error resulting from a Mary Carter agreement, the defendant must object at trial to give the trial court an opportunity to cure any error resulting from the effect of the agreement); *Carnation Co. v. Borner,* 610 S.W.2d 450, 454–55 & nn. 6–7 (Tex.1980) (defendant waived argument that exemplary damages were not recoverable under former Article 8307c because defendant failed to object to a definition of exemplary damages that included damages for the plaintiff's inconvenience and mental anguish, which clearly were recoverable). A jury can determine the amount of attorney's fees whether or not they can be recovered under the theory of law submitted to the jury.

■ Likewise, Wal–Mart did not invite error merely because it requested that the attorney's fee question be submitted with an instruction limiting recovery of attorney's fees to those fees incurred in connection with the discrimination case. The Texas Rules of Civil Procedure state that "[a] claim that the evidence was legally or factually insufficient to warrant the submission of any question may be made for the first time after verdict, *regardless of whether the submission of such question was requested by the complainant.*" TEX.R. CIV. P. 279 (emphasis added). Because the availability of attorney's fees is purely a legal question, this situation is analogous to a legal sufficiency challenge. There is no logical reason to treat a postverdict legal availability challenge differently than a post-verdict legal sufficiency challenge

In *General Chemical Corp. v. De La Lastra,* 852 S.W.2d 916, 920 (Tex.1993), we held that the defendants invited error by requesting the damages issues they subsequently challenged and waived the error by failing to object to the charge or to

raise any other objection in the trial court. Unlike the defendants in *De La Lastra,* Wal–Mart did raise a timely and specific objection in the trial court that attorney's fees are not recoverable under article 8307c as a matter of law. Moreover, Wal–Mart argues only that attorney's fees are not available *under the legal theory submitted to the jury,* rather than asserting, as the defendants in *De La Lastra* did, that some damage elements would not have been available under a *different* legal theory that would have applied if timely raised. *See id.* Because the availability of attorney's fees is solely a question of law for the court, error did not occur until the trial court rendered judgment awarding such fees to Holland. Wal–Mart specifically challenged the availability of attorney's fees under article 8307c before the error resulted. *Cf. id.* at 920 (defendant failed to present its preemption argument to the trial court). The court of appeals, therefore, erred in concluding that Wal–Mart waived its right to challenge the propriety of an award of attorney's fees under article 8307c.

■ We now consider whether the court of appeals erred in holding that attorney's fees are recoverable under article 8307c. We have consistently held that a prevailing party cannot recover attorney's fees from an opposing party unless permitted by statute or by contract between the parties. *See, e.g., Travelers Indem. Co. of Conn. v. Mayfield,* 923 S.W.2d 590, 593 (Tex.1996); *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex.1992); *First City Bank–Farmers Branch v. Guex,* 677 S.W.2d 25, 30 (Tex.1984); *New Amsterdam Cas. Co. v. Texas Indus., Inc.,* 414 S.W.2d 914, 915 (Tex.1967). Article 8307c does not provide for attorney's fees, and Holland does not contend that an agreement between the parties authorized such recovery.

The court of appeals nevertheless concluded that attorney's fees are available in an article 8307c action because such damages fall within the liberal causation standard provided by the statute.[5] 956 S.W.2d at 600. Relying on a law review article, the court stated: " 'Provision for compensation of counsel is essential to insure that this remedy is fully available to ... employees.' " *Id.* (quoting J. Thomas Sullivan, *Retaliatory Firings: The Remedy Under the Texas Workers' Compensation Act,* 19 Tex. Tech L.Rev. 85, 142 (1988)).

■ Although the Legislature enacted this statute in 1971, this is the first reported appellate opinion in which attorney's fees have been awarded. Indeed, this issue has rarely been raised in a reported case and had never before been reached under either former article 8307c or its successor statute. *See Trevino v. Kent County,* 936 S.W.2d 488, 494 (Tex.App.—Amarillo 1997, writ denied) (raising but not reaching the question of whether attorney's fees are available in a workers' compensation retaliatory discharge case). Perhaps this is because of the well-established rule that "[a]n award of attorney's fees may not be supplied by implication but must be provided for by the express terms of the statute in question." *Guex,* 677 S.W.2d at 30. We cannot ignore this principle of statutory construction to authorize attorney's fees when the Legislature has not done so. *See, e.g., id.* at 30 ("If the legislature had intended recovery of attorney's fees under [section 9.507(a) of the Texas Business and Commerce Code], they would no doubt have provided for it, just as they provided for the recovery of attorney's fees under the [DTPA]...."). Indeed, other provisions of the worker's compensation statute expressly authorize claimants to recover attorney's fees in specified circumstances. *See, e.g.,* TEX.

---

5. Article 8307c, section 2 provides: "A person who [discharges or discriminates against an employee who has filed a worker's compensation claim in good faith] shall be liable for *reasonable damages suffered* by an employee *as a result of the violation ....*" Act of May 7, 1971, 62nd Leg., R.S., ch. 115, 1971 Tex. Gen. Laws 884 (repealed 1993) (current version at TEX. LAB.CODE § 451.002) (emphasis added).

LAB.CODE § 410.208(b) (allowing attorney's fees for the prosecution and collection of an order to provide benefits); *id.* § 408.147(c) (providing recovery of attorney's fee if an insurance carrier disputes a commission decision regarding supplemental income benefits); *id.* § 411.083(c) (attorney's fees are available if an employer retaliates against an employee for making a good faith report alleging violation of an occupational health or safety law); *see also, e.g.,* TEX. BUS. & COM.CODE §§ 15.21(a)(1), 16.28(b)(1), & 17.50(d); TEX. LAB.CODE § 21.259(a); TEX. GOV'T CODE § 554.003. Because there is no such provision in article 8307c, Holland was not entitled to recover attorney's fees.

Accordingly, without hearing oral argument,[6] we reverse that part of the court of appeals' judgment awarding Holland attorney's fees and render judgment that Holland take nothing on her claim for attorney's fees.

Justice BAKER did not participate in the decision.