BASF FINA PETROCHEMICALS LIMITED PARTNERSHIP, Atofina Petrochemicals, Inc., and BASF Corporation, Appellants,

v.

H.B. ZACHRY COMPANY and Zachry Construction Corporation, Appellees.

No. 01–03–00723–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 18, 2004.

---

Osborne J. Dykes, III, Terriann Trostle, Fulbright & Jaworski L.L.P., Houston, TX, for Appellants.

Barrett H. Reasoner, Gibbs & Bruns, L.L.P., Stephen D. Susman, J. Hoke Peacock, III, Susman Godfrey, L.L.P., Robin C. Gibbs, Gibbs & Bruns, L.L.P., Houston, TX, for Appellees.

Panel consists of Justices TAFT, JENNINGS, and BLAND.

## OPINION

TERRY JENNINGS, Justice.

Appellants, BASF FINA Petrochemicals Limited Partnership (BFLP), ATOFINA Petrochemicals, Inc. (ATOFINA), and BASF Corporation (BASF), who were not parties to the underlying suit, challenge the trial court's order awarding BFLP its costs for producing documents and other discovery materials to appellees, H.B. Zachry Company and Zachry Construction Corporation (collectively Zachry), but denying BFLP's request for reimbursement of its attorneys' fees incurred in the production of these materials.[1]

In two issues, BFLP contends that the trial court erred in denying BFLP's request for reimbursement of the attorneys' fees it incurred in producing documents and other materials in response to Zachry's subpoenas because the Texas Rules of Civil Procedure require a party to reimburse a nonparty for the nonparty's "reasonable costs of production," under rule 205.3(f),[2] and permit a trial court to "impose reasonable conditions on compliance with a subpoena," including ordering compensation for "undue hardship," under rule 176.7.[3]

We affirm.

### Factual and Procedural Background

BASF and ATOFINA are joint venturers in BFLP and own a large ethylene plant located in Port Arthur, Texas. In 1998, BASF and ATOFINA had contracted with ABB Lummus Global, Inc. (ABB Lummus) for the construction of the plant. Problems in the construction of the plant were the subject of the underlying lawsuit filed in June 2001 by Zachry, a subcontractor, against ABB Lummus, the general contractor. BASF, ATOFINA, and BFLP (hereafter, collectively BFLP) were not parties to the lawsuit.

In April 2002, Zachry served a subpoena on BFLP seeking the production of 41 categories of documents, electronic data, and other material related to the construction and performance of the plant. BFLP and Zachry subsequently agreed to narrow the scope of the subpoena to 14 categories of material within BFLP's files and the personal files of eight individuals connected with the plant construction project. BFLP and Zachry also agreed to maintain the confidentiality and to limit the disclo-

---

1. This order was signed by the Hon. Kathleen Stone, sitting as a visiting judge for the Hon. Elizabeth Ray, the presiding judge of the 165th District Court of Harris County, Texas.

2. Tex.R. Civ. P. 205.3(f).

3. Tex.R. Civ. P. 176.7.

sure of any material produced. In September 2002, Zachry served BFLP with a second subpoena seeking the production of an additional 13 categories of documents and electronic data. In response to the subpoenas served on it by Zachry, BFLP produced, among other items, approximately 165 boxes of documents, 30,000 e-mail messages and attachments, 70 megabytes of e-mail data, and 8,000 spreadsheets.

BFLP also filed two motions for costs, requesting that, pursuant to rules 205.3(f) and 176.7, the trial court order Zachry to reimburse BFLP for both its legal fees and its costs incurred in gathering, reviewing, and producing the documents and other materials. BFLP did not seek to recover attorneys' fees it incurred for the preparation and filing of its objections and motions or for the arguments of its attorneys at the several hearings before the trial court. In March 2003, the trial court ordered Zachry to pay BFLP $32,338.29 as reimbursement for its costs of production, but denied BFLP's request for $249,234.50 in attorneys' fees. In its order, the trial court explained the basis for its ruling as follows:

> After considering such motions and responses, the authorities cited, and the arguments of counsel, the Court was of the opinion that such motions should be granted in part, but that [BFLP]'s attorney fees should not be awarded because the Texas Rules of Civil Procedure do not authorize the Court to award [BFLP] attorney fees under Rules 205.3(f) or 176.7.

BFLP then filed a motion for rehearing of its motions for costs, which the trial court denied. Zachry and ABB Lummus subsequently settled their dispute and, on June 4, 2003, the trial court signed an order of dismissal that "fully and finally resolv[ed] and release[d]" all pending claims in this lawsuit.

### Standing

■ We first address the issue of whether BFLP, who was not a party in the underlying lawsuit, may challenge, by direct appeal, the trial court's order denying BFLP's request for its attorneys' fees incurred in the production of documents subpoenaed by Zachry, who was a party.

■ It is well-established that "an appeal can generally only be brought by a named party to the suit." *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754 (Tex.2003). However, there are exceptions to the general rule, including the doctrine of virtual representation. *Id.* at 754–55. Under this doctrine, an appellant may be deemed a party when "(1) it is bound by the judgment; (2) its privity of estate, title, or interest appears from the record; and (3) there is an identity of interest between the appellant and a party to the judgment." *Id.* (quoting *Motor Vehicle Bd. of the Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n*, 1 S.W.3d 108, 110 (Tex.1999)). The Texas Supreme Court has noted that, in determining whether an appellant should be considered a "party" for purposes of appeal, "the most important consideration is whether the appellant is bound by the judgment." *Rio Grande Valley Gas Co.*, 109 S.W.3d at 755.

BFLP's position and the circumstances presented here are analogous to the factors considered in *Rio Grande Valley Gas.* Although BFLP is not in "privity of interest" with any party to the final order of dismissal, BFLP's interests were directly represented by its own counsel in the trial court and it is, in effect, "bound" by the trial court's final order of dismissal, in that BFLP cannot independently seek recovery of its attorneys' fees from Zachry in a

subsequent lawsuit. Had the trial court ordered Zachry to pay the fees sought by BFLP, Zachry undisputedly would have had the right to seek appellate review of that ruling upon the entry of a final judgment.

Moreover, under the particular circumstances presented here, to conclude otherwise would leave BFLP, and other similarly situated nonparties, with no legal remedy. Shortly after the trial court signed its order denying BFLP's request for attorneys' fees, BFLP filed a petition for writ of mandamus in this Court.[4] Prior to this Court's consideration of that petition, the parties to the underlying lawsuit settled their dispute, and, as noted above, in June 2003, the trial court signed an order of dismissal that "fully and finally resolv[ed] and release[d]" all pending claims. The trial court's plenary power to vacate, modify, correct, or reform its judgment has now expired,[5] and we may not issue a writ commanding the trial court to perform a void act. Accordingly, we hold that, based on the circumstances presented in this case, BFLP has standing to challenge the trial court's order by direct appeal.[6]

## Standard of Review

■ The trial court's interpretation of rules 205.3(f) and 176.7 presents a question of law that we review *de novo*. *Holland v. Wal–Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex.1999) (per curiam) ("The availability of attorney's fees under a particular statute is a question of law for the court."); *see Bradt v. Sebek*, 14 S.W.3d 756, 762 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). We apply the same rules of construction to the Rules of Civil Procedure as we apply to statutes. *Bradt*, 14 S.W.3d at 762. "When a rule of procedure is clear, unambiguous, and specific, we construe its language according to its literal meaning." *Id.; see Murphy v. Friendswood Dev. Co.*, 965 S.W.2d 708, 709 (Tex. App.-Houston [1st Dist.] 1998, no pet.).

■ The Code Construction Act also applies to the interpretation of the Rules of Civil Procedure. TEX. GOV'T CODE ANN. § 311.002(4) (Vernon 1998); *In re Walkup*, 122 S.W.3d 215, 217 (Tex.App.-Houston [1st Dist.] 2003, orig. proceeding). The Act provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage" and that "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998).

With regard to how courts should interpret and apply the Rules of Civil Procedure, rule 1 provides as follows:

> The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction.

TEX.R. CIV. P. 1.

In its order, the trial court expressly stated that its ruling to deny BFLP's re-

---

**4.** *See In re BASF FINA Petrochemicals Ltd. P'ship*, No. 01–03–00657–CV, 2004 WL 2618361 (Tex.App.-Houston [1st Dist.] Nov. 18, 2004).

**5.** TEX.R. CIV. P. 329b(d).

**6.** Because we have held that BFLP has a remedy by direct appeal, we have dismissed the petition for writ of mandamus as moot. *In re BASF*, No. 01–03–00657–CV, 2004 WL 2618361, slip op. at 2.

quest for attorneys' fees was not an exercise of its discretion in applying the Rules of Civil Procedure, but was, instead, based on its conclusion that "the Texas Rules of Civil Procedure do not authorize the Court to award [BFLP] attorney fees under Rules 205.3(f) or 176.7." Accordingly, we review the trial court's ruling, based on its interpretation of these rules, *de novo.*

### "Costs of Production"

Rule 205.3(f) states that "[a] party requiring production of documents by a nonparty must reimburse the nonparty's reasonable *costs of production.*" TEX.R. CIV. P. 205.3(f) (emphasis added). In its first issue, BFLP contends that the trial court erred in denying BFLP's request for reimbursement of its attorneys' fees incurred in responding to Zachry's subpoenas, because such fees are a "cost of production" within the contemplation of rule 205.3(f) and the ordinary meaning of its language. BFLP sets out its argument as follows:

> The plain language of [rule] 205.3(f) commands that Zachry reimburse all the "reasonable costs of production" that BFLP incurred responding to Zachry's subpoenas. The rule does not exclude legal fees. Construing the rule liberally to achieve a just, fair, [and] equitable result, as required by [rule] 1, these costs must be reimbursable. Were they not, the rule's protection would be illusory; the realities of litigation demand that attorneys' fees will be the dominant expense in most large document productions. Giving the phrase "costs of production" its ordinary meaning, as required by the rules of construction, reasonable legal fees are plainly reimbursable.

We note that the trial court did not make any factual determinations concerning whether the amount of attorneys' fees re-

quested by BFLP was reasonable. The court simply concluded that, under rule 205.3(f), it was not authorized to award attorneys' fees.

It is well established that, as between litigants, a prevailing party cannot recover its attorneys' fees from an opposing party unless permitted by statute or by contract between the parties, and that "[a]n award of attorney's fees may not be supplied by implication but must be provided for by the express terms of the statute in question." *Holland,* 1 S.W.3d at 95 (quoting *First City Bank–Farmers Branch v. Guex,* 677 S.W.2d 25, 30 (Tex. 1984)). BFLP asserts that, because it was not a party to the underlying lawsuit, these general rules governing the recovery of attorneys' fees do not apply and that, in determining whether the phrase "costs of production" includes attorneys' fees, we must accord these words their ordinary, common meaning and, pursuant to rule 1, give them a "liberal construction."

In support of its contention that the general rules regarding the recovery of attorneys' fees do not apply to nonparties, BFLP relies on *Nationwide Mutual Insurance Company v. Holmes,* 842 S.W.2d 335 (Tex.App.-San Antonio 1992, writ denied). In that case, the court of appeals upheld a jury's damage award of $7,500 in additional attorneys' fees incurred by an insured whose insurer failed to inform him before trial that it would indemnify him. *Id.* at 340–42. The *Holmes* court noted the general rule that attorneys' fees are not recoverable, but upheld the award "in the name of equitable principles." *Id.* at 342. In reaching its holding, the court noted:

> The general rule disallowing attorney's fees applies to attorney's fees that are incurred while prosecuting or defending a cause of action. In the case at hand, the attorney's fees were not incurred

prosecuting or defending the underlying cause of action. Therefore, this prohibition should not apply. There is nothing sacrosanct about attorney's fees per se that forbids their award as damages. Instead, attorney's fees as damages are disallowed generally because our system of American jurisprudence does not award successful litigants their attorney's fees.

*Id.* BFLP also relies on cases from other jurisdictions that it asserts indicate that the phrase "costs of production" includes legal fees. *See Williams v. City of Dallas,* 178 F.R.D. 103, 113–14 (N.D.Tex.1998) (indicating that court would, at some future date, award subpoenaed witnesses their reasonable costs and expenses, including attorneys' fees, incurred in complying with subpoenas); *Letcher v. Wrightsman,* 60 Okla. 14, 158 P. 1152 (1916) (holding that phrase "costs of collection" includes attorneys' fees).

In contrast, and in support of its contention that the phrase "costs of production" in rule 205.3(f) may not be read to include attorneys' fees, Zachry relies on *Bradford v. Campdera,* 581 S.W.2d 501 (Tex.Civ. App.-Eastland 1979, no writ), in which the court of appeals addressed the scope of the phrase "reasonable costs of producing" as that phrase was used within former rule 177a of the Rules of Civil Procedure. That former rule read as follows:

A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other tangible things designated therein; but the court, on motion made seasonably and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive or (2) condition denial of the motion to quash or modify upon the advancement by the person in whose behalf the

subpoena is issued, of the *reasonable costs of producing* the books, papers, documents or tangible things.

Tex.R. Civ. P. 177a (Vernon 1957, repealed 1998) (emphasis added).

*Bradford* involved a lawsuit over an alleged failure to pay child support. 581 S.W.2d at 502. During the course of the litigation, one of the parties subpoenaed four nonparty witnesses, whose counsel then successfully quashed the subpoenas. *Id.* As part of its final judgment, the trial court awarded attorneys' fees to the nonparty witnesses to reimburse them for their legal fees incurred in connection with quashing the subpoenas. *Id.* After reviewing the language of former rule 177a, the court of appeals reversed the trial court's award of attorneys' fees and rendered judgment that the nonparty witnesses recover nothing. *Id.* at 504. The *Bradford* court explained its reasoning as follows: "A strict construction of the phrase, 'the reasonable costs of producing the books, papers, documents or tangible things,' does not authorize an award of attorney's fees taxed as costs." *Id.* at 503–04.

The parties direct us to no cases interpreting rule 205.3(f). However, as noted above, Texas courts have consistently maintained that, in the absence of any authority explicitly authorizing an award of attorneys' fees, such an award is not recoverable, either against an opposing party or as a "cost of production." *See Holland,* 1 S.W.3d at 95; *Bradford,* 581 S.W.2d at 503–04. In construing the plain language of rule 205.3(f), we may not supply, by implication, an allowance for the recovery of attorney's fees as a "cost of production." *See Holland,* 1 S.W.3d at 95. We may not interpret a rule, even in the name of equitable principles, beyond its specific language, and we decline to read rule 205.3(f) as broadly as urged by BFLP. *See Bradt,* 14 S.W.3d at 762.

Here, although BFLP, albeit prudently, sought legal advice regarding potentially privileged or confidential documents, the expense of obtaining this advice was incurred to protect the interests of BFLP, not to facilitate compliance with Zachry's subpoena and the actual production of the documents in question. Such attorney's fees were not, strictly speaking, "costs of production." Moreover, we note that, in drafting rule 205.3(f), the Texas Supreme Court was faced with the difficult task of balancing the policy goals of protecting non-parties from incurring burdensome and unnecessary expenses in responding to the discovery requests of litigants and providing litigants with the ability to resolve their dispute by presenting to a neutral fact finder, all evidence, from whatever source, relevant to the dispute. We must presume that, had the Texas Supreme Court intended for nonparties to recover their attorneys' fees as "costs of production," it could have expressly provided for the recovery of such fees in rule 205.3(f), just as it had provided for attorneys' fees elsewhere in the Rules of Civil Procedure pertaining to discovery. *See, e.g.,* Tex.R. Civ. P. 215.2(b)(8), 215.3 (authorizing trial court to impose sanctions for discovery abuse by, among other things, requiring sanctioned party "to pay, at such time as ordered by the court, the reasonable expenses, including attorney fees" of aggrieved party). The fact that the Texas Supreme Court chose not to expressly include such provision gives additional credence to the rationale that we should not supply one by implication. *See Holland,* 1 S.W.3d at 95.

Accordingly, we hold that the trial court did not err in concluding that it was not authorized to award BFLP its attorneys' fees under rule 205.3(f). We overrule BFLP's first issue.

## "Undue Burden or Expense"

██ In its second issue, BFLP argues that the trial court erred in denying its request for reimbursement of its attorneys' fees because such fees were an "undue burden or expense" or "undue hardship" incurred by BFLP in responding to Zachry's subpoenas and are reimbursable under the provisions of rule 176.7. That rule provides as follows:

A person causing a subpoena to issue must take reasonable steps to avoid imposing undue burden or expense on the person served. In ruling on objections or motions for protection, the court must provide a person served with a subpoena an adequate time for compliance, protection from disclosure of privileged material or information, and *protection from undue burden or expense.* The court may impose reasonable conditions on compliance with a subpoena, *including compensating the witness for undue hardship.*

Tex.R. Civ. P. 176.7 (emphasis added).

Here, the trial court did not make any fact findings concerning whether Zachry had taken "reasonable steps" to limit the scope of its subpoenas or whether the subpoenas had imposed an "undue burden or expense" on BFLP. Rather, the trial court concluded that, after having ordered Zachry to reimburse BFLP for all of its non-legal costs incurred in responding to the subpoenas, it could do no more.

As with rule 205.3(f), rule 176.7 does not expressly provide for an award of attorneys' fees to compensate a nonparty for its "undue expense" in responding to a party's subpoena. Rule 176.7 imposes the same duty on a trial court to protect persons served with subpoenas as that which is embodied in rule 45(c) of the Federal Rules of Civil Procedure. Rule 45(c)(1) provides as follows:

A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

FED.R.CIV.P. 45(c)(1).

Unlike rule 176.7, rule 45(c)(1) provides a federal court with the express authority to impose sanctions, in the form of attorneys' fees, upon a party who imposes an "undue burden or expense" upon a nonparty whom it has served with a subpoena. Here, however, BFLP does not argue that the trial court erred in not sanctioning Zachry.

For the same reasons stated in connection with our analysis of rule 205.3(f), we hold that, absent express authority to the contrary, the trial court was not authorized to award BFLP its attorneys' fees under rule 176.7 either as "protection from undue burden or expense" or as compensation for "undue hardship" in complying with a subpoena. *See Holland,* 1 S.W.3d at 95. As with rule 205.3(f), we must presume that, had the Texas Supreme Court, in drafting rule 176.7, intended for nonparties to recover their attorneys' fees incurred in complying with a subpoena, it could have expressly provided for the recovery of such fees, especially in light of the inclusion of such provision in federal rule 45(c)(1). We may not supply such provision by implication. *Id.*

Accordingly, we hold that the trial court did not err in concluding that it was not authorized to award BFLP its attorneys' fees under rule 176.7. We overrule BFLP's second issue.

**Conclusion**

We affirm the order of the trial court. All pending motions regarding the parties' briefing to this Court are granted.