Opinion issued November 18, 2004






 











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00723-CV
____________

BASF FINA PETROCHEMICALS LIMITED PARTNERSHIP,
ATOFINA PETROCHEMICALS, INC., AND
BASF CORPORATION, Appellants

V.

H.B. ZACHRY COMPANY AND
ZACHRY CONSTRUCTION CORPORATION, Appellees
 

 
 
On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2001-29890
 

 
 
O P I N I O N
          Appellants, BASF FINA Petrochemicals Limited Partnership (BFLP),
ATOFINA Petrochemicals, Inc. (ATOFINA), and BASF Corporation (BASF), who
were not parties to the underlying suit, challenge the trial court’s order awarding
BFLP its costs for producing documents and other discovery materials to appellees,
H.B. Zachry Company and Zachry Construction Corporation (collectively Zachry),
but denying BFLP’s request for reimbursement of its attorneys’ fees incurred in the
production of these materials.



          In two issues, BFLP contends that the trial court erred in denying BFLP’s
request for reimbursement of the attorneys’ fees it incurred in producing documents
and other materials in response to Zachry’s subpoenas because the Texas Rules of
Civil Procedure require a party to reimburse a nonparty for the nonparty’s “reasonable
costs of production,” under rule 205.3(f),


 and permit a trial court to “impose
reasonable conditions on compliance with a subpoena,” including ordering
compensation for “undue hardship,” under rule 176.7.



          We affirm.
 
Factual and Procedural Background
          BASF and ATOFINA are joint venturers in BFLP and own a large ethylene
plant located in Port Arthur, Texas. In 1998, BASF and ATOFINA had contracted
with ABB Lummus Global, Inc. (ABB Lummus) for the construction of the plant. 
Problems in the construction of the plant were the subject of the underlying lawsuit
filed in June 2001 by Zachry, a subcontractor, against ABB Lummus, the general
contractor. BASF, ATOFINA, and BFLP (hereafter, collectively BFLP) were not
parties to the lawsuit.
          In April 2002, Zachry served a subpoena on BFLP seeking the production of
41 categories of documents, electronic data, and other material related to the
construction and performance of the plant. BFLP and Zachry subsequently agreed
to narrow the scope of the subpoena to 14 categories of material within BFLP’s files
and the personal files of eight individuals connected with the plant construction
project. BFLP and Zachry also agreed to maintain the confidentiality and to limit the
disclosure of any material produced. In September 2002, Zachry served BFLP with
a second subpoena seeking the production of an additional 13 categories of
documents and electronic data. In response to the subpoenas served on it by Zachry,
BFLP produced, among other items, approximately 165 boxes of documents, 30,000
e-mail messages and attachments, 70 megabytes of e-mail data, and 8,000
spreadsheets.
          BFLP also filed two motions for costs, requesting that, pursuant to rules
205.3(f) and 176.7, the trial court order Zachry to reimburse BFLP for both its legal
fees and its costs incurred in gathering, reviewing, and producing the documents and
other materials. BFLP did not seek to recover attorneys’ fees it incurred for the
preparation and filing of its objections and motions or for the arguments of its
attorneys at the several hearings before the trial court. In March 2003, the trial court
ordered Zachry to pay BFLP $32,338.29 as reimbursement for its costs of production,
but denied BFLP’s request for $249,234.50 in attorneys’ fees. In its order, the trial
court explained the basis for its ruling as follows:
After considering such motions and responses, the authorities cited, and
the arguments of counsel, the Court was of the opinion that such
motions should be granted in part, but that [BFLP]’s attorney fees
should not be awarded because the Texas Rules of Civil Procedure do
not authorize the Court to award [BFLP] attorney fees under Rules
205.3(f) or 176.7.

          BFLP then filed a motion for rehearing of its motions for costs, which the trial
court denied. Zachry and ABB Lummus subsequently settled their dispute and, on
June 4, 2003, the trial court signed an order of dismissal that “fully and finally
resolv[ed] and release[d]” all pending claims in this lawsuit.
 
Standing
          We first address the issue of whether BFLP, who was not a party in the
underlying lawsuit, may challenge, by direct appeal, the trial court’s order denying
BFLP’s request for its attorneys’ fees incurred in the production of documents
subpoenaed by Zachry, who was a party.
          It is well-established that “an appeal can generally only be brought by a named
party to the suit.” City of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750,
754 (Tex. 2003). However, there are exceptions to the general rule, including the
doctrine of virtual representation. Id. at 754-55. Under this doctrine, an appellant
may be deemed a party when “(1) it is bound by the judgment; (2) its privity of estate,
title, or interest appears from the record; and (3) there is an identity of interest
between the appellant and a party to the judgment.” Id. (quoting Motor Vehicle Bd.
of the Tex. Dep’t of Transp. v. El Paso Indep. Auto. Dealers Ass’n, 1 S.W.3d 108, 110
(Tex. 1999)). The Texas Supreme Court has noted that, in determining whether an
appellant should be considered a “party” for purposes of appeal, “the most important
consideration is whether the appellant is bound by the judgment.” Rio Grande Valley
Gas Co., 109 S.W.3d at 755.
          BFLP’s position and the circumstances presented here are analogous to the
factors considered in Rio Grande Valley Gas. Although BFLP is not in “privity of
interest” with any party to the final order of dismissal, BFLP’s interests were directly
represented by its own counsel in the trial court and it is, in effect, “bound” by the
trial court’s final order of dismissal, in that BFLP cannot independently seek recovery
of its attorneys’ fees from Zachry in a subsequent lawsuit. Had the trial court ordered
Zachry to pay the fees sought by BFLP, Zachry undisputedly would have had the
right to seek appellate review of that ruling upon the entry of a final judgment.
          Moreover, under the particular circumstances presented here, to conclude
otherwise would leave BFLP, and other similarly situated nonparties, with no legal
remedy. Shortly after the trial court signed its order denying BFLP’s request for
attorneys’ fees, BFLP filed a petition for writ of mandamus in this Court.


 Prior to
this Court’s consideration of that petition, the parties to the underlying lawsuit settled
their dispute, and, as noted above, in June 2003, the trial court signed an order of
dismissal that “fully and finally resolv[ed] and release[d]” all pending claims. The
trial court’s plenary power to vacate, modify, correct, or reform its judgment has now
expired,


 and we may not issue a writ commanding the trial court to perform a void
act. Accordingly, we hold that, based on the circumstances presented in this case,
BFLP has standing to challenge the trial court’s order by direct appeal.



Standard of Review
          The trial court’s interpretation of rules 205.3(f) and 176.7 presents a question
of law that we review de novo. Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 94
(Tex. 1999) (per curiam) (“The availability of attorney’s fees under a particular
statute is a question of law for the court.”); see Bradt v. Sebek, 14 S.W.3d 756, 762
(Tex. App.—Houston [1st Dist.] 2000, pet. denied). We apply the same rules of
construction to the Rules of Civil Procedure as we apply to statutes. Bradt, 14
S.W.3d at 762. “When a rule of procedure is clear, unambiguous, and specific, we
construe its language according to its literal meaning.” Id.; see Murphy v.
Friendswood Dev. Co., 965 S.W.2d 708, 709 (Tex. App.—Houston [1st Dist.] 1998,
no pet.).
          The Code Construction Act also applies to the interpretation of the Rules of
Civil Procedure. Tex. Gov’t Code Ann. § 311.001(4) (Vernon 1998); In re Walkup,
122 S.W.3d 215, 217 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding). The
Act provides that “[w]ords and phrases shall be read in context and construed
according to the rules of grammar and common usage” and that “[w]ords and phrases
that have acquired a technical or particular meaning, whether by legislative definition
or otherwise, shall be construed accordingly.” Tex. Gov’t Code Ann. § 311.011
(Vernon 1998).
          With regard to how courts should interpret and apply the Rules of Civil
Procedure, rule 1 provides as follows:
The proper objective of rules of civil procedure is to obtain a just, fair,
equitable and impartial adjudication of the rights of litigants under
established principles of substantive law. To the end that this objective
may be attained with as great expedition and dispatch and at the least
expense both to the litigants and to the state as may be practicable, these
rules shall be given a liberal construction.

Tex. R. Civ. P. 1.
          In its order, the trial court expressly stated that its ruling to deny BFLP’s
request for attorneys’ fees was not an exercise of its discretion in applying the Rules
of Civil Procedure, but was, instead, based on its conclusion that “the Texas Rules of
Civil Procedure do not authorize the Court to award [BFLP] attorney fees under Rules
205.3(f) or 176.7.” Accordingly, we review the trial court’s ruling, based on its
interpretation of these rules, de novo.
“Costs of Production”
          Rule 205.3(f) states that “[a] party requiring production of documents by a
nonparty must reimburse the nonparty’s reasonable costs of production.” Tex. R.
Civ. P. 205.3(f) (emphasis added). In its first issue, BFLP contends that the trial court
erred in denying BFLP’s request for reimbursement of its attorneys’ fees incurred in
responding to Zachry’s subpoenas, because such fees are a “cost of production”
within the contemplation of rule 205.3(f) and the ordinary meaning of its language. 
BFLP sets out its argument as follows:
The plain language of [rule] 205.3(f) commands that Zachry reimburse
all the “reasonable costs of production” that BFLP incurred responding
to Zachry’s subpoenas. The rule does not exclude legal fees. 
Construing the rule liberally to achieve a just, fair, [and] equitable result,
as required by [rule] 1, these costs must be reimbursable. Were they not,
the rule’s protection would be illusory; the realities of litigation demand
that attorneys’ fees will be the dominant expense in most large
document productions. Giving the phrase “costs of production” its
ordinary meaning, as required by the rules of construction, reasonable
legal fees are plainly reimbursable.

We note that the trial court did not make any factual determinations concerning
whether the amount of attorneys’ fees requested by BFLP was reasonable. The court
simply concluded that, under rule 205.3(f), it was not authorized to award attorneys’
fees.
          It is well established that, as between litigants, a prevailing party cannot 
recover its attorneys’ fees from an opposing party unless permitted by statute or by
contract between the parties, and that “[a]n award of attorney’s fees may not be
supplied by implication but must be provided for by the express terms of the statute
in question.” Holland, 1 S.W.3d at 95 (quoting First City Bank-Farmers Branch v.
Guex, 677 S.W.2d 25, 30 (Tex. 1984)). BFLP asserts that, because it was not a party
to the underlying lawsuit, these general rules governing the recovery of attorneys’
fees do not apply and that, in determining whether the phrase “costs of production”
includes attorneys’ fees, we must accord these words their ordinary, common
meaning and, pursuant to rule 1, give them a “liberal construction.”
          In support of its contention that the general rules regarding the recovery of
attorneys’ fees do not apply to nonparties, BFLP relies on Nationwide Mutual
Insurance Company v. Holmes, 842 S.W.2d 335 (Tex. App.—San Antonio 1992, writ
denied). In that case, the court of appeals upheld a jury’s damage award of $7,500
in additional attorneys’ fees incurred by an insured whose insurer failed to inform him
before trial that it would indemnify him. Id. at 340-42. The Holmes court noted the
general rule that attorneys’ fees are not recoverable, but upheld the award “in the
name of equitable principles.” Id. at 342. In reaching its holding, the court noted:
The general rule disallowing attorney’s fees applies to attorney’s fees
that are incurred while prosecuting or defending a cause of action. In
the case at hand, the attorney’s fees were not incurred prosecuting or
defending the underlying cause of action. Therefore, this prohibition
should not apply. There is nothing sacrosanct about attorney’s fees per
se that forbids their award as damages. Instead, attorney’s fees as
damages are disallowed generally because our system of American
jurisprudence does not award successful litigants their attorney’s fees.

Id. BFLP also relies on cases from other jurisdictions that it asserts indicate that the
phrase “costs of production” includes legal fees. See Williams v. City of Dallas, 178
F.R.D. 103, 113-14 (N. D. Tex. 1998) (indicating that court would, at some future
date, award subpoenaed witnesses their reasonable costs and expenses, including
attorneys’ fees, incurred in complying with subpoenas); Letcher v. Wrightsman, 158
P. 1152 (Okla. 1916) (holding that phrase “costs of collection” includes attorneys’
fees).
          In contrast, and in support of its contention that the phrase “costs of
production” in rule 205.3(f) may not be read to include attorneys’ fees, Zachry relies
on Bradford v. Campdera, 581 S.W.2d 501 (Tex. Civ. App.—Eastland 1979, no writ),
in which the court of appeals addressed the scope of the phrase “reasonable costs of
producing” as that phrase was used within former rule 177a of the Rules of Civil
Procedure. That former rule read as follows:
A subpoena may also command the person to whom it is directed to
produce the books, papers, documents or other tangible things
designated therein; but the court, on motion made seasonably and in any
event at or before the time specified in the subpoena for compliance
therewith, may (1) quash or modify the subpoena if it is unreasonable
and oppressive or (2) condition denial of the motion to quash or modify
upon the advancement by the person in whose behalf the subpoena is
issued, of the reasonable costs of producing the books, papers,
documents or tangible things.

Tex. R. Civ. P. 177a (Vernon 1957, repealed 1998) (emphasis added).

          Bradford involved a lawsuit over an alleged failure to pay child support. 581
S.W.2d at 502. During the course of the litigation, one of the parties subpoenaed four
nonparty witnesses, whose counsel then successfully quashed the subpoenas. Id. As
part of its final judgment, the trial court awarded attorneys’ fees to the nonparty
witnesses to reimburse them for their legal fees incurred in connection with quashing
the subpoenas. Id. After reviewing the language of former rule 177a, the court of
appeals reversed the trial court’s award of attorneys’ fees and rendered judgment that
the nonparty witnesses recover nothing. Id. at 504. The Bradford court explained its
reasoning as follows: “A strict construction of the phrase, ‘the reasonable costs of
producing the books, papers, documents or tangible things,’ does not authorize an
award of attorney’s fees taxed as costs.” Id. at 503-04.
          The parties direct us to no cases interpreting rule 205.3(f). However, as noted
above, Texas courts have consistently maintained that, in the absence of any authority
explicitly authorizing an award of attorneys’ fees, such an award is not recoverable,
either against an opposing party or as a “cost of production.” See Holland, 1 S.W.3d
at 95; Bradford, 581 S.W.2d at 503-04. In construing the plain language of rule
205.3(f), we may not supply, by implication, an allowance for the recovery of
attorney’s fees as a “cost of production.” See Holland, 1 S.W.3d at 95. We may not
interpret a rule, even in the name of equitable principles, beyond its specific language,
and we decline to read rule 205.3(f) as broadly as urged by BFLP. See Bradt, 14
S.W.3d at 762.
          Here, although BFLP, albeit prudently, sought legal advice regarding
potentially privileged or confidential documents, the expense of obtaining this advice
was incurred to protect the interests of BFLP, not to facilitate compliance with
Zachry’s subpoena and the actual production of the documents in question. Such
attorney’s fees were not, strictly speaking, “costs of production.” Moreover, we note
that, in drafting rule 205.3(f), the Texas Supreme Court was faced with the difficult
task of balancing the policy goals of protecting non-parties from incurring
burdensome and unnecessary expenses in responding to the discovery requests of
litigants and providing litigants with the ability to resolve their dispute by presenting
to a neutral fact finder, all evidence, from whatever source, relevant to the dispute. 
We must presume that, had the Texas Supreme Court intended for nonparties to
recover their attorneys’ fees as “costs of production,” it could have expressly
provided for the recovery of such fees in rule 205.3(f), just as it had provided for
attorneys’ fees elsewhere in the Rules of Civil Procedure pertaining to discovery. 
See, e.g., Tex. R. Civ. P. 215.2(b)(8), 215.3 (authorizing trial court to impose
sanctions for discovery abuse by, among other things, requiring sanctioned party “to
pay, at such time as ordered by the court, the reasonable expenses, including attorney
fees” of aggrieved party). The fact that the Texas Supreme Court chose not to
expressly include such provision gives additional credence to the rationale that we
should not supply one by implication. See Holland, 1 S.W.3d at 95.
          Accordingly, we hold that the trial court did not err in concluding that it was
not authorized to award BFLP its attorneys’ fees under rule 205.3(f). We overrule
BFLP’s first issue.
“Undue Burden or Expense”
          In its second issue, BFLP argues that the trial court erred in denying its request
for reimbursement of its attorneys’ fees because such fees were an “undue burden or
expense” or “undue hardship” incurred by BFLP in responding to Zachry’s subpoenas
and are reimbursable under the provisions of rule 176.7. That rule provides as
follows:
A person causing a subpoena to issue must take reasonable steps to
avoid imposing undue burden or expense on the person served. In
ruling on objections or motions for protection, the court must provide a
person served with a subpoena an adequate time for compliance,
protection from disclosure of privileged material or information, and
protection from undue burden or expense. The court may impose
reasonable conditions on compliance with a subpoena, including
compensating the witness for undue hardship.

Tex. R. Civ. P. 176.7 (emphasis added).
          Here, the trial court did not make any fact findings concerning whether Zachry
had taken “reasonable steps” to limit the scope of its subpoenas or whether the
subpoenas had imposed an “undue burden or expense” on BFLP. Rather, the trial
court concluded that, after having ordered Zachry to reimburse BFLP for all of its
non-legal costs incurred in responding to the subpoenas, it could do no more.
          As with rule 205.3(f), rule 176.7 does not expressly provide for an award of
attorneys’ fees to compensate a nonparty for its “undue expense” in responding to a
party’s subpoena. Rule 176.7 imposes the same duty on a trial court to protect
persons served with subpoenas as that which is embodied in rule 45(c) of the Federal
Rules of Civil Procedure. Rule 45(c)(1) provides as follows:
A party or an attorney responsible for the issuance and service of a
subpoena shall take reasonable steps to avoid imposing undue burden or
expense on a person subject to that subpoena. The court on behalf of
which the subpoena was issued shall enforce this duty and impose upon
the party or attorney in breach of this duty an appropriate sanction,
which may include, but is not limited to, lost earnings and a reasonable
attorney’s fee.

Fed. R. Civ. P. 45(c)(1).
          Unlike rule 176.7, rule 45(c)(1) provides a federal court with the express
authority to impose sanctions, in the form of attorneys’ fees, upon a party who
imposes an “undue burden or expense” upon a nonparty whom it has served with a
subpoena. Here, however, BFLP does not argue that the trial court erred in not
sanctioning Zachry.
          For the same reasons stated in connection with our analysis of rule 205.3(f), we
hold that, absent express authority to the contrary, the trial court was not authorized
to award BFLP its attorneys’ fees under rule 176.7 either as “protection from undue
burden or expense” or as compensation for “undue hardship” in complying with a
subpoena. See Holland, 1 S.W.3d at 95. As with rule 205.3(f), we must presume
that, had the Texas Supreme Court, in drafting rule 176.7, intended for nonparties to
recover their attorneys’ fees incurred in complying with a subpoena, it could have
expressly provided for the recovery of such fees, especially in light of the inclusion
of such provision in federal rule 45(c)(1). We may not supply such provision by
implication. Id.
          Accordingly, we hold that the trial court did not err in concluding that it was
not authorized to award BFLP its attorneys’ fees under rule 176.7. We overrule
BFLP’s second issue.
Conclusion
          We affirm the order of the trial court. All pending motions regarding the
parties’ briefing to this Court are granted.

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Bland.