

**NUMBER 13-13-00592-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN RE PARKER FAMILY TRUST**

---

**On Appeal from the 126th District Court
of Travis County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion Per Curiam**

Robert W. Dillard attempts to appeal from a district court order in a cause in which he was not a party.[1]  Dillard requests that we vacate the district court's order accepting the resignation of trustee, Janis Alesi, and appointing Jessica Parker Valentine and Bryan L. Parker the trustees of the Parker Family Trust.[2]  By three issues, Dillard contends that

---

[1] This appeal was transferred from the Third Court of Appeals in Austin, Texas pursuant to a docket equalization order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[2] Dillard had served as trustee prior to the district court's order, and Jessica and Bryan sued Dillard

another court had dominant jurisdiction over the issues and parties,[3] which are the subject of the district court's order, the district court lacked jurisdiction because necessary parties were not included, and Dillard is the proper party to challenge the district court's jurisdiction. We dismiss for want of jurisdiction.[4]

First, absent exceptions not applicable here, it is well-established that "an appeal can generally only be brought by a named party to the suit."[5] *BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 870 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (citing *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754 (Tex. 2003)). Here, Dillard is not a party to the underlying cause of action, thus we conclude that he is not able to appeal from the district court's order.

In addition, Dillard did not successfully intervene post-judgment. A notice of appeal is due thirty days from the date of judgment or, if a timely post-judgment motion is filed,

---

for, among other things, breach of fiduciary duty in a separate proceeding not before us here.

[3] We note that even assuming that another court had dominant jurisdiction, we could not vacate the district court's order because no plea in abatement was filed in the district court. *See Sternes v. Holloway*, 779 S.W.2d 86, 94–95 (Tex. App.—Dallas 1989, writ denied) (explaining that any error caused by a court lacking dominant jurisdiction is waivable, and that such error does not render a judgment void).

[4] Dillard's issues are probably moot because the probate court has already appointed a new trustee and Jessica and Bryan are no longer the trustees of the Parker Family trust.

[5] However, there are exceptions to the general rule, including the doctrine of virtual representation. Under this doctrine, an appellant may be deemed a party when "(1) it is bound by the judgment; (2) its privity of estate, title, or interest appears from the record; and (3) there is an identity of interest between the appellant and a party to the judgment." The Texas Supreme Court has noted that, in determining whether an appellant should be considered a "party" for purposes of appeal, "the most important consideration is whether the appellant is bound by the judgment."

*BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 870 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). Here, Dillard has not contended that he is bound by the complained-of order. In fact, the record shows that Dillard resigned as trustee and Alesi was appointed the new trustee prior to the district court's order. It appears to us that Dillard's complaint basically focuses on the fact that the district court appointed Jessica and Bryan as successor trustees, and Dillard does not agree that they should have been allowed to be trustees of the Parker Family Trust.

2

within ninety days of the date of judgment. *See* TEX. R. APP. P. 26.1(a). A non-party may not file a motion for new trial unless the non-party successfully intervenes. *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.). To successfully intervene post-judgment, the plea in intervention must be filed and the judgment must be set aside within thirty days of the date of judgment. *Id.*; *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex.1984) (orig. proceeding) (per curiam) (explaining that a plea in intervention cannot be considered unless judgment is set aside).

Dillard did not file a motion to intervene, and the district court did not set aside the complained-of order within thirty days of the date of the order. Thus, Dillard's attempted intervention, if any, could not be successful. *See White*, 682 S.W.2d at 252. Accordingly, Dillard was not entitled to file his motion for new trial, which would have extended the time in which to perfect his appeal, had he successfully intervened post-judgment. See *Malone*, 182 S.W.3d 468.

Therefore, even assuming that Dillard had a right to appeal the district court's order in this case, his notice of appeal was untimely. The complained-of order was signed by the district court on June 21, 2013 and Dillard filed his notice of appeal on September 16, 2013 more than thirty days after the complained-of order was signed. Accordingly, we dismiss this attempted appeal for want of jurisdiction.[6]

Per Curiam

Delivered and filed the
14th day of August, 2014.

---

[6] We dismiss any pending motions as moot.