Opinion issued March 11, 2021



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-20-00182-CV

—————————————

**PATRICK HSU, Appellant**

**V.**

**CONTERRA SERVICES, LLC, KYLE JOSEPH SMITH, AND AVALON HOMES, Appellees**

---

On Appeal from the County Court at Law No. 3
Harris County, Texas
Trial Court Case No. 1114627

---

## MEMORANDUM OPINION

Conterra Services, LLC sued Dr. Patrick Hsu for failing to pay an invoice for work performed on a sewage line. After a bench trial, the trial court entered a judgment against Hsu that awarded damages, prejudgment interest, and attorney's fees to Conterra and denied Hsu's counterclaims. Hsu appeals contending that:

(1) the trial court erred in denying his motion to exclude untimely disclosed evidence of prejudgment interest and attorney's fees; and

(2) the evidence is legally and factually insufficient to support the attorney's fees awarded to Conterra by the trial court.

We affirm.

## BACKGROUND

*The Lawsuit*

Conterra sued Hsu alleging he had contracted for it to work on his home sewer system, which was blocked and backing up, but refused to pay afterward. Conterra asserted claims for breach of contract, promissory estoppel, violation of the Prompt Payment Act, and quantum meruit and unjust enrichment.

Hsu answered and counterclaimed for intentional infliction of emotional distress and fraud. Hsu alleged that Conterra conspired with a homebuilder and its chief operating officer to force Hsu to pay for the sewer work.

*Motion to Exclude*

On the day of trial, Hsu moved to exclude Conterra's experts as well as evidence of damages Conterra had not disclosed in response to Hsu's request for disclosures. The trial court heard the motion before trial.

Hsu's counsel conceded he understood the basis for Conterra's claim for damages of $5,040, which was the amount Conterra had billed Hsu for the sewer work. But he objected that while Conterra had asserted it was due 18% interest under

2

the Prompt Payment Act, it had not disclosed the manner of calculating the amount of interest. As to the experts, Hsu objected that Conterra had not timely disclosed them, including its own counsel for the purpose of testifying about fees. Hsu also objected that Conterra had not disclosed the total amount of attorney's fees.

Conterra responded that it had cited the statute providing for interest in its petition, specifically, the Prompt Payment Act, Chapter 28 of the Property Code. Conterra further responded that it had sought attorney's fees in its petition. Thus, it argued, Hsu was not surprised or prejudiced by its untimely disclosure that its counsel intended to testify about these fees, particularly given that this was a simple case involving a relatively small fee claim. Conterra stated it had designated the other two experts out of caution, but that it did not need their testimony.

The trial court denied Hsu's motion as to damages and attorney's fees. The court stated that it was not convinced that allowing Conterra's evidence on damages and fees would be unfairly prejudicial or result in trial by ambush.

*Bench Trial*

The parties tried the case to the bench. Conterra presented two witnesses: Kyle Smith, who testified about the work performed and the surrounding circumstances, and its counsel, who testified about the attorney's fees incurred.

It was undisputed that Conterra resolved Hsu's sewer problem by removing a blockage. Smith testified that the job was undertaken at Hsu's request and took two-

3

and-a-half days. It required removing part of a sidewalk, excavating to access the sewer pipe, disconnecting the pipe, removing debris and other material from the pipe, replacing some clay pipe with PVC pipe, backfilling the excavated worksite, and repairing the sidewalk that had been removed.

Conterra sent Hsu an invoice for the work. The invoice stated a total amount due of $5,040 and was dated August 1, 2017. The record shows that Conterra sent the invoice to Hsu by e-mail that same day.

Conterra's counsel testified about his background as an attorney and that he spent 19-and-a-half hours on this case. This work included document review, drafting a demand letter and pleading, drafting and responding to discovery requests, reviewing discovery responses, drafting a motion for continuance, appearing at two pretrial hearings, preparing for trial, and trying the case. His hourly billing rate is $300, which resulted in $5,850 in fees for the total time spent on the case.

On cross-examination, Conterra's counsel conceded that he had sent invoices to Conterra that were not provided to Hsu in discovery. He further conceded that he did not disclose the amount of his fees to Hsu before trial.

After Conterra rested, Hsu moved for a directed verdict on the basis that no contract existed between the parties. The trial court denied the motion. Hsu then rested without calling any witnesses or putting on any evidence.

4

The trial court found a valid contract existed between Conterra and Hsu and that Hsu failed to pay for Conterra's work performed under the contract. The court entered a judgment against Hsu for $7,005.60, consisting of the $5,040 stated in Conterra's invoice and $1,965.60 in prejudgment interest. The trial court also awarded Conterra attorney's fees in the amount of $5,850. The trial court ruled that Hsu take nothing on his counterclaims.

*Motion for New Trial*

Hsu moved for a new trial, renewing his complaints that Conterra had not timely designated its fee expert or disclosed how it calculated prejudgment interest. The record does not divulge whether Hsu requested a hearing on the motion or submitted the motion for decision without a hearing. No ruling is in the record.

**DISCUSSION**

I.     **Damages and Interest**

Hsu argues the trial court erred in not excluding Conterra's evidence of prejudgment interest because Conterra did not disclose its method of calculation. Hsu admits Conterra referred to the Prompt Payment Act, which specifies when prejudgment interest begins and ceases to accrue, but he argues Conterra did not disclose two pieces of data needed to calculate the amount: (1) the date on which Hsu received Conterra's written payment request; and (2) the date 35 days after receipt of the request, which is when interest began to accrue under the Act.

5

## A.    Standard of Review

We review evidentiary rulings for abuse of discretion. *H2O Sols. v. PM Realty Grp.*, 438 S.W.3d 606, 621 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). We likewise review discovery rulings for abuse of discretion. *ADB Interest v. Wallace*, 606 S.W.3d 413, 439 (Tex. App.—Houston [1st Dist.] 2020, pet. filed). But to the extent we must construe the text of a rule of civil procedure, including a discovery rule, its meaning presents a question of law that we review de novo. *BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 871 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

## B.    Analysis

Hsu does not complain that Conterra failed to disclose how it calculated the $5,040 in contract damages. Nor could he. At trial, Hsu conceded he understood the basis for the $5,040, which was stated in Conterra's invoice.

As to the $1,965.60 in prejudgment interest the trial court awarded Conterra, Conterra's disclosure responses are not in the record, so we cannot assess their adequacy. But Conterra concedes that it did not provide an actual calculation of the amount of interest it claimed was owed in its disclosures.

Under the discovery rules in effect at the time, Conterra was obligated to disclose "the amount and any method of calculating economic damages." *See* TEX.

R. Civ. P. 194.2(d).[1] Economic damages are generally understood to constitute compensation for pecuniary loss. *See* Tex. Civ. Prac. & Rem. Code § 41.001(4); Tex. Bus. & Com. Code § 17.45(11). Prejudgment interest is a type of damages. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 898 (Tex. 2000). Its purpose is compensatory. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 812 (Tex. 2006). Thus, under the discovery rules then in effect, Conterra was required to disclose the method of calculating its prejudgment interest.

Conterra contends it satisfied its disclosure obligations by referring to the Prompt Payment Act, specifically Section 28.002 of the Property Code. Under that provision, a contractor must be paid no later than 35 days after it makes a written payment request. Tex. Prop. Code § 28.002(a). Any unpaid amount required under the Act begins to accrue interest on the day after the date when payment becomes due until the date on which a judgment is entered. *Id.* § 28.004(a), (c)(3). Given that Hsu did not deny receiving the invoice on August 1, 2017, he would have known when interest began accruing under the statute. And because interest would continue to accrue through the date of judgment, it was not capable of definitive pretrial calculation. Under these circumstances, we agree with Conterra that it satisfied its discovery obligation to disclose the method of calculating prejudgment interest. In

---

[1] Effective January 1, 2021, the relevant rule is now Rule 194.2(b)(4); the text of the amended rule remains the same as former Rule 194.2(d). *See* Order, Misc. Docket No. 20-9153 (Tex. Dec. 23, 2020) (approving rule amendments).

7

doing so, we note that former Rule 194.2(d) required disclosure of "the method of calculating" these damages, not disclosure of an actual calculation.

Thus, we hold the trial court did not abuse its discretion in failing to exclude Conterra's evidence as to prejudgment interest on the basis of non-disclosure.[2]

## II. Attorney's Fees

Hsu contends Conterra's evidence of attorney's fees is insufficient to support the trial court's fee award for two reasons. First, he argues that the trial court erred in not excluding the evidence of fees as untimely disclosed. Had it done so, Hsu reasons, there would have been no evidence of fees. Second, he argues that, in any event, the evidence of fees is legally and factually insufficient because Conterra did not submit any documents in support of its fees, such as billing invoices, and because Conterra's counsel's testimony was not sufficiently detailed.

### A. Untimely Disclosure

If a party fails to timely disclose a witness in response to a discovery request, the witness may not testify unless the trial court finds that there was good cause for failing to do so or that the failure "will not unfairly surprise or unfairly prejudice the

---

[2] We note one discrepancy: the Prompt Payment Act specifies an interest rate of 1.5% per month, whereas Conterra sought 18% per year. TEX. PROP. CODE § 28.004(b). But Hsu has not raised this discrepancy or asserted that the trial court miscalculated prejudgment interest. Thus, we cannot reverse the trial court's judgment on this basis. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam) ("We have held repeatedly that the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error.").

other parties." TEX. R. CIV. P. 193.6(a)(2). The burden of establishing good cause or lack of unfair surprise and unfair prejudice is on the party seeking to call the witness. TEX. R. CIV. P. 193.6(b). The trial court has broad discretion to determine whether the party has carried this burden. *Syrian Am. Oil Corp. v. Pecten Orient Co.*, 524 S.W.3d 350, 366 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

It is undisputed that Conterra failed to timely disclose its counsel as an expert witness who would testify about attorney's fees in its discovery responses. The good-cause exception to the timely disclosure requirement is not at issue. The parties' dispute instead turns on whether the record establishes that Hsu was not unfairly surprised or unfairly prejudiced by Conterra's untimely disclosure.

Hsu initially argues that the trial court erred by placing the burden on him to establish that he was unfairly surprised or unfairly prejudiced instead of requiring Conterra to establish lack of unfair surprise or unfair prejudice. We reject this argument because the record shows the trial court did not misallocate the burden.

After hearing argument from both parties, the trial court ruled that it was not convinced that admission of the evidence would result in trial by ambush or be prejudicial or harmful to the defense. Hsu then requested permission to be heard again and argued that untimely disclosed evidence is inadmissible. Hsu did not assert that the trial court had misallocated the burden of proof or persuasion in making its ruling. The trial court disagreed with Hsu as to the legal standard, noting it was

9

allowed to consider whether there was surprise or unfairness. The court then stated that Hsu had not explained how the admission of the evidence would surprise or harm him and asked him to explain how the evidence would do so. Hsu responded that he was prejudiced by the untimely disclosure because it prevented him from assessing the reasonableness of the fees before trial. The trial court then reiterated its ruling, stating that it was going to allow Conterra's counsel to testify as to the reasonable and necessary attorney's fees incurred because:

- Conterra requested fees in its petition, so Hsu knew that fees were at issue, and he thus was not surprised by the untimely disclosure; and

- the amount of fees at issue was not substantial, and the issue of fees was not complicated, so Hsu was not harmed or prejudiced either.

Viewed in context, the trial court's ruling was not premised on a misallocation of the burden of proof or persuasion. When the trial court made its final ruling, it did not state it was allowing Conterra to present its untimely disclosed evidence because Hsu had failed to establish that he was unfairly surprised or unfairly prejudiced. Rather, the court found that Hsu was neither unfairly surprised nor unfairly prejudiced. While the trial court did request that Hsu explain how he was surprised or harmed, it did so only after it had already indicated that it was going to allow the evidence. In doing so, the court was giving Hsu an opportunity to change its mind, not improperly foisting the burden of proof or persuasion onto him.

As to the merits of the trial court's ruling, it is undisputed that Conterra included a request for attorney's fees in its petition. Thus, from the suit's outset, Hsu knew Conterra sought fees. Under these circumstances, the trial court did not abuse its discretion in finding that Hsu was not unfairly surprised by the untimely disclosure of Conterra's counsel as an expert witness. *See Syrian Am. Oil*, 524 S.W.3d at 366 ("Courts have held that a trial court does not abuse its discretion in admitting testimony by an untimely designated attorney's fees expert when, as here, the party's pleadings contained a request for attorney's fees well before trial.").

Hsu argues that he was nonetheless unfairly prejudiced by the untimely designation because his own lawyer was not able to prepare to cross-examine Conterra's counsel or to request and review the relevant billing records.[3] But as Hsu acknowledges in his brief, this is not a complicated suit. Conterra's counsel testified as to his total hours, the tasks he undertook during this time, how much time various tasks took to complete, and his billing rate. In this simple case, billing records would not have disclosed much more information than counsel's testimony. Moreover, the rules allow a party to seek a continuance if any new information disclosed requires it. TEX. R. CIV. P. 193.6(c). Hsu never did so. Under these circumstances, the trial court did not abuse its discretion in finding that Hsu was not unfairly prejudiced by

---

[3] At trial, Hsu asserted he requested the billing records in discovery. But neither Hsu's discovery requests nor Conterra's responses are included in the record. Nor does the record indicate whether Hsu moved to compel production of the records.

11

Conterra's late disclosure. *See Syrian Am. Oil*, 524 S.W.3d at 366–67 (trial court did not abuse discretion in allowing evidence of fees, even though amount sought and billing records were not timely disclosed, given that party opposing fees had known other side sought them and did not seek continuance to assess new information).

We thus hold the trial court did not err in failing to exclude Conterra's counsel from testifying about its reasonable and necessary attorney's fees.

## B. Sufficient Evidence

Hsu contends that even if the trial court properly admitted Conterra's counsel's testimony as to attorney's fees, his testimony is legally and factually insufficient to support the fee award. Hsu argues this is so because Conterra did not introduce its counsel's billing records. Citing *Arthur Andersen & Co. v. Perry Equipment Corp.*, Hsu further argues that Conterra's counsel's testimony was insufficient because he did not testify about the factors the Supreme Court has identified as being relevant to fee awards. *See* 945 S.W.2d 812, 818 (Tex. 1997).

As an initial matter, Hsu misstates the standard of review. We review a trial court's award of attorney's fees for abuse of discretion. *Kubbernus v. ECAL Partners*, 574 S.W.3d 444, 486 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). Under this standard, evidentiary sufficiency issues are not independent grounds and instead are factors relevant in assessing whether the trial court abused its discretion.

*Id.* We thus consider whether the trial court had sufficient evidence on which to exercise its discretion and, if so, whether it erred in applying that discretion. *Id.*

A party who prevails on a claim based on an oral or written contract may recover attorney's fees. TEX. CIV. PRAC. & REM. CODE § 38.001(8). In a bench trial, the trial court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without further evidence. *Id.* § 38.004(1). The usual and customary fees for a contract claim are presumptively reasonable, but the side responsible for paying the fees may rebut this presumption. *Id.* § 38.003. Trial courts are experts on the reasonableness of fees. *McMahon v. Zimmerman*, 433 S.W.3d 680, 693 (Tex. App.—Houston [1st Dist.] 2014, no pet.). They may draw on their knowledge and experience in assessing the evidence on attorney's fees. *Id.*

To obtain attorney's fees, a party generally must present evidence of the reasonable hours spent by its counsel and its counsel's reasonable hourly billing rate. *Rohrmoos Venture v. UTSW DVA Healthcare*, 578 S.W.3d 469, 498 (Tex. 2019). To be sufficient, this evidence must at a minimum include proof of:

- the particular services performed;

- the identity of the person who performed these services;

- an approximation as to when these services were performed;

- the reasonable amount of time required to perform these services; and

- the reasonable hourly rate of the person performing them.

13

*Id.* Once a party has introduced this evidence, the resulting fee calculation—often referred to as the base loadstar figure—is presumptively reasonable and necessary. *Id.* at 499. The categories of evidence identified above take into account most of the *Arthur Andersen* factors, such as the time and labor required, the novelty and difficulty of the questions involved, the skill required to perform the legal services properly, the fee customarily charged in the locality for similar legal services, the amount involved, the experience and ability of the person performing the services, whether the fee is fixed or contingent, the uncertainty of collection before the performance of the services, and the result obtained. *Id.* at 500–01.

The fee proponent may seek an enhancement of the base loadstar figure, but it must introduce specific evidence supporting the enhancement. *Id.* at 501. The fee opponent may seek a reduction of the base loadstar figure, but it must introduce specific evidence negating the figure's presumptive reasonableness. *Id.* In seeking an enhancement or a reduction, neither party may rely on the *Arthur Andersen* factors that the loadstar calculation already takes into account. *Id.*

Conterra's counsel testified he had been an attorney for a decade and had spent the last seven years litigating construction disputes. He offices in Houston and about half his work is in Harris and surrounding counties. He testified from notes he made based on his invoices and other documents. Counsel testified about the total number of hours he worked, the tasks he performed, how much time these tasks took to

complete, and his hourly billing rate. The trial court could readily infer the basic timeframe in which counsel undertook this work based on the nature of the tasks he performed—initial consultation with his client, drafting a demand letter and petition, drafting, responding to, and reviewing discovery, drafting a motion for continuance, court appearances, trial preparation, and trial—and the contents of the court's case file. Counsel testified that his work was standard and that he did not do anything exceptional. On its face, this testimony satisfies the requirements for calculating a loadstar figure. *See id.* at 499.

Hsu argues that the evidence is insufficient because Conterra did not introduce its counsel's billing records. While advisable, "billing records are not required to prove that the requested fees are reasonable and necessary." *Id.* at 502. Introduction of billing records is advisable because "in all but the simplest cases, the attorney would probably have to refer to some type of record or documentation to provide this information." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 763 (Tex. 2012). But this is a very simple breach-of-contract case alleging nonpayment for services rendered. Conterra called a single fact witness to testify. While the defense cross-examined this witness, it did not put any witnesses on the stand and introduced no evidence of its own. Conterra's counsel billed a mere 19.5 hours for straightforward tasks. An attorney could reasonably testify about his fees from memory alone under these circumstances. Counsel, however, did not testify from memory alone. He

testified with the aid of notes based on his records. On this record, we hold that the absence of the records themselves does not render the evidence insufficient.

Hsu also complains that Conterra's counsel's testimony is insufficient because he did not testify about the *Arthur Andersen* factors. While counsel did not explicitly address these factors, the testimony he gave in support of the base loadstar figure implicitly accounted for several of them. *See Rohrmoos*, 578 S.W.3d at 500–01. Moreover, counsel need not address every *Arthur Andersen* factor in every case in order for the evidence of fees to be sufficient. *Academy Corp. v. Interior Buildout & Turnkey Constr.*, 21 S.W.3d 732, 742 (Tex. App.—Houston [14th Dist.] 2000, no pet.). On this record, we reject Hsu's contention that Conterra's counsel's testimony was insufficient because he did not address the *Arthur Andersen* factors.

We hold that the trial court did not abuse its discretion in awarding Conterra its reasonable and necessary attorney's fees based on the evidence before it.

## CONCLUSION

We affirm the trial court's judgment.

<div style="margin-left:40%">

Gordon Goodman
Justice

</div>

Panel consists of Justices Goodman, Landau, and Guerra.