

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00058-CV

IN RE THE COMMITMENT OF BOBBY WILLIAM NUTT

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. D213-S-13583-17

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

The State filed a civil petition to commit Bobby William Nutt for involuntary treatment and supervision as a sexually violent predator (SVP). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.151 (West 2017 & Supp. 2018). A Tarrant County[1] jury found that Nutt was a SVP, and the trial court rendered a final judgment and an order of civil commitment.

On appeal, Nutt contends that the trial court erred by failing to give a proper limiting instruction when he first requested it.

Because Nutt failed to preserve this argument for appeal, we affirm the trial court's judgment.

## I.     The Sexually Violent Predators (SVP) Act

In 1999, the Texas Legislature enacted the Civil Commitment of Sexually Violent Predators Act (SVP Act), which provides for the civil commitment of SVPs who are nearing the end of their sentence. TEX. HEALTH & SAFETY CODE ANN. §§ 841.001, 841.021(a), (a-1), (c). The Legislature found that it was in the interest of the State to provide a civil commitment procedure for the long-term supervision and treatment of these SVPs because a "small but extremely dangerous group of sexually violent predators exists," "those predators have a behavioral abnormality that is not amenable to traditional mental illness treatment modalities[,] and that makes the predators likely to engage in repeated predatory acts of sexual violence." TEX. HEALTH & SAFETY CODE ANN. § 841.001.

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Before the State files its commitment suit, a person must be administratively determined to be a SVP. TEX. HEALTH & SAFETY CODE ANN. §§ 841.021–.023; *In re Commitment of Bohannan*, 388 S.W.3d 296, 298 (Tex. 2012). Under the SVP Act, a person is a SVP if the person "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE ANN. § 841.003(a). Under the statute, "behavioral abnormality" is defined as a "congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." TEX. HEALTH & SAFETY CODE ANN. § 841.002(2).

## II. Factual and Procedural Background

From 1986 through 1999, Nutt was convicted of several sex offenses in California and Texas, including lewd and lascivious acts with a child, aggravated sexual assault of a child, as well as indecency with a child by contact and sexual assault of a child under seventeen years of age. The State filed a civil petition to commit him for involuntary treatment and supervision as a SVP. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.151.

After hearing the testimony of Dr. David Self, the State's psychiatric expert, Nutt, and Dr. John Tennison, the defense's psychiatric expert, the jury found beyond a reasonable doubt that Nutt was a SVP, and the trial court rendered a final judgment and an order of civil commitment.

**III.    Analysis**

In his sole point of error, Nutt contends that the trial court erred in failing to give a timely limiting instruction relating to Self's testimony regarding the information contained in the records that formed the basis of his opinion.

Self testified that based on his interview with Nutt, his review of police and prosecutorial investigatory reports from each of Nutt's prior convictions, and his analysis of Nutt's deposition and that of the defense's psychiatric expert, Tennison, it was Self's expert opinion that Nutt suffered from a behavioral abnormality that made him likely to engage in predatory acts of sexual violence. When the State asked Self about what was in the records and interviews he reviewed, Nutt objected on hearsay grounds. The trial court overruled the objection, but granted Nutt a running objection to the testimony. Nutt then requested a limiting instruction, and the court asked if he wanted that instruction "in the charge," but Nutt said, "No, Your Honor. I want to approach and give you the limiting instruction as to hearsay." A discussion was held off the record, and then the State's examination of Self continued without an instruction being given. Nutt did not raise the issue of a limiting instruction again until after the State concluded its direct examination, and the following colloquy occurred outside the jury's presence:

> [NUTT]: I just want to put on record prior to . . . Dr. Self's testimony and prior to him going into detail of records that he has examined in this case, I made a hearsay objection. The hearsay objection was denied, and I asked this Court to enter a hearsay limiting instruction --
>
> THE COURT: A limiting instruction.
>
> [NUTT]: And, Your Honor, I asked it to be prior -- to be read to the jury prior to Dr. Self going into detail, but this Court --

4

THE COURT: We didn't do it. But I will read it to them right here before cross-examination.

And then, [State], what did you -- what was your response to [Nutt's] request?

[STATE]: Off the record, I indicated I did not object to the Court reading the instruction, and we also, I think, had a similar instruction in the proposed charge as well. I just wanted to bring that to the Court's attention.

. . . .

THE COURT: Very good. And so what we'll do is we'll call the jury back in.

And before you start your cross-examination, you would like for me to read this?

[NUTT]: Yes, thank you.

The jury returned, and the court gave a limiting instruction regarding the hearsay contained in the records Self reviewed in forming his opinion. On appeal, Nutt contends that the trial court erred in failing to give the limiting instruction when he initially requested it.

Nutt's complaint was not preserved for our review. In order to preserve a complaint for our review, the action or omission which is alleged as error or abuse of discretion on behalf of the trial court must have been the basis of a timely request, objection, or motion that specified the action that the trial court was requested to take, or to forbear from taking, and an adverse ruling must have been obtained. TEX. R. APP. P. 33.1(a); *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999) (per curiam). Here, Nutt initially requested a limiting instruction be given to the jury "prior to Dr. Self going into detail," but he failed to obtain the relief requested, receive an adverse ruling, or object to the court's failure to rule. *See* TEX. R.APP. P. 33.1(a). Therefore, Nutt failed to preserve this issue for our review.

5

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     December 4, 2018
Date Decided:       December 18, 2018