**Reversed and Modified in Part, Affirmed as Modified, and Opinion Filed September 19, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-20-00656-CV

**AARON BIGBEE AND AHU SIPAHIOGLU, Appellants**
**V.**
**SAMADIAN FAMILY LIMITED PARTNERSHIP, Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-00299-2018**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Partida-Kipness

This appeal arises from a landlord-tenant dispute brought by appellants Aaron Bigbee and Ahu Sipahioglu (Tenants) against appellee Samadian Family Limited Partnership (Landlord). Tenants sued Landlord to recover damages from Landlord's refusal to refund their security deposit and unlawful exclusion of Tenants from the property during the term of the lease. After a jury trial, the trial court rendered judgment on the verdict in favor of Tenants, but also awarded Landlord its attorney's fees as a prevailing party. Tenants appeal the portion of the judgment awarding Landlord its fees. After reviewing the briefs and the record, we conclude the trial

court erroneously awarded Landlord its fees. We reverse the portion of the judgment awarding Landlord attorney's fees and conditional appellate fees, modify the judgment to remove such awards to Landlord, and affirm the judgment in all other respects.

## BACKGROUND

On April 1, 2015, Tenants signed a residential lease (the Lease) with Landlord for a residential property in Dallas, Texas. They paid a security deposit of $5,000, and monthly rent of $2,500. The Lease had a primary term of one year and automatically renewed on a month-to-month basis unless Tenants or Landlord provided the other with written notice of termination as specified in the Lease. In 2016, the parties extended the Lease to April 30, 2017, and increased the monthly rent to $2,600. When Tenants did not terminate the Lease in April 2017, the Lease automatically renewed on a month-to-month basis. On May 30, 2017, Bigbee provided Landlord written notice of termination and notified Landlord "he and his family planned to be moved out of the Property by June 18, 2017, with the utilities being transferred to [Landlord] shortly thereafter." On June 16, 2017, Bigbee and Malek Samadian met at the Property. Samadian informed Bigbee he uses a third-party service to inspect the house for maintenance and repair items. Tenants moved out on June 18, 2017. They asked Landlord to allow them to walk-through the Property with Landlord or the third-party inspector so Tenants could make any repairs deemed necessary by the inspection "in a cost-effective manner." Tenants

–2–

also asked to be given access to the Property until June 30, 2017, the end of the Lease term. In response, Landlord told Tenants they would be given seventy-two hours after completion of the inspection "to get all issues resolved." On June 20, 2017, Bigbee discovered the locks to the Property had been changed. After completion of the inspection, the parties walked through the Property to inspect items that needed to be repaired or replaced. Tenants received a list at that time of repairs identified by the inspector. Four days later, Bigbee and Samadian conducted a final walk through of the Property, and Bigbee turned over the final set of keys and remotes.

On July 10, 2017, Samadian informed Tenants they had not completed certain repairs, and Landlord was withholding $1,055 from the security deposit to pay for the repairs. This letter stated Landlord would forward a check for $3,945 to Bigbee, which was the $5,000 security deposit minus the $1,055 for remaining repairs. Landlord conditioned the offer of partial payment on Tenants agreeing not to dispute the amount withheld from the security deposit. In his email response, Bigbee declined the offer and countered with an offer to pay Samadian $500 rather than $1,055. Thereafter, Bigbee received a check from Landlord for $3,945. Bigbee emailed Samadian clarifying he would not deposit the check because he did not agree to Samadian's conditions. The parties did not resolve the issue concerning the partial refund of the security deposit, and Tenants filed the underlying lawsuit.

Tenants sued Landlord for breach of contract, bad faith retention of the security deposit under section 92.109 of the property code, and unlawful exclusion

from the Property under section 92.0081 of the property code. Tenants sought reimbursement of the $5,000 security deposit and statutory damages under the property code. Landlord answered and filed counterclaims for breach of contract and attorney's fees pursuant to the Lease. Landlord contended Tenants breached the Lease by tendering the property in materially worse condition than it was received and failing to satisfy Tenants' responsibilities for property maintenance.

After a two-day trial, the jury found Landlord failed to comply with the lease, intentionally excluded Tenants from the property, and retained the security deposit in bad faith. The jury found $0 damages for the Landlord's breach of contract, $0 damages for the unlawful exclusion, and $3,945 in damages for wrongfully withholding the security deposit. As for Landlord's counterclaim, the jury found Tenants breached the lease but awarded $0 to Landlord for that breach. The jury awarded no attorney's fees to either side.

Tenants and Landlord each sought post-trial relief. In their motion to disregard jury answers, Tenants asked the trial court to award them attorney's fees for their wrongful exclusion and unlawful retention claims and disregard the jury's award of zero fees on those claims. Landlord objected to Tenants' motion to disregard jury answers. Landlord also moved for judgment notwithstanding the verdict. Landlord asked the court to disregard the jury's $0 fees award regarding Tenants' breach of contract and to award Landlord $30,264.50 in attorney's fees as a prevailing party on Tenants' breach of contract claim.

In the final judgment, the trial court granted Tenants' and Landlord's post-trial motions and awarded the following damages and fee awards:

- $11,935 in actual and statutory damages to Tenants for Landlord's violation of property code section 92.109;

- $3,500 in statutory damages to Tenants for Landlord's violation of property code section 92.0081;

- $19,765 in attorney's fees to Tenants "as the prevailing party on Plaintiffs' statutory claims and on Defendant's breach of contract counterclaim";

- $30,264.50 in attorney's fees to Landlord "as the prevailing party on Plaintiffs' breach of contract claim"; and

- Conditional appellate fees for "the successful side in any appeal."

Tenants filed a post-judgment motion that included a motion to modify the judgment, plea to the jurisdiction, motion to disregard jury answers, and motion for new trial (the post-judgment motion). Tenants asserted they should not be required to pay Landlord's attorney's fees because Tenants, not Landlord, were the prevailing parties in the dispute. Alternatively, Tenants requested a modified judgment awarding them $3,945 in damages for their breach of contract claim and a new trial to recover their attorney's fees on that claim. Tenants also requested the trial court dismiss Landlord's counterclaim because Landlord lacked standing to sue. The trial court denied Tenants' post-judgment motion, and this appeal followed.

## ANALYSIS

Tenants bring two issues on appeal. First, they contend the trial court erred by concluding Landlord was a prevailing party and awarding Landlord its attorney's

fees. Second, Tenants argue Landlord lacked standing to assert its counterclaim. Because it is dispositive of this appeal, we begin with Tenants' first issue.

## I.      Standard of review

Whether a party is entitled to recover attorney's fees under a contract is a question of law we review de novo. *Goldman v. Olmstead*, 414 S.W.3d 346, 365–66 (Tex. App.—Dallas 2013, pet. denied) (applying de novo standard of review to order awarding fees based on prevailing party provision of contract) (citing *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999)); *VSDH Vaquero Venture, Ltd. v. Gross*, No. 05-16-01041-CV, 2017 WL 3405312, at *2 (Tex. App.—Dallas Aug. 9, 2017, no pet.) (mem. op.).

## II.     Prevailing party status

Landlord sought its attorney's fees under Paragraph 29 of the Lease, which provides:

> **29. ATTORNEY'S FEES:** Any person who is a prevailing party in any legal proceeding brought under or related to the transaction described in this lease is entitled to recover prejudgment interest, attorney's fees, costs of service, and all other costs of the legal proceeding from the non-prevailing party.

Tenants maintain the trial court erred by awarding attorney's fees to Landlord because Landlord is not a "prevailing party" under the Lease. When interpreting a contractual attorney's fee provision in which the "prevailing party" term is left undefined, as is the case here, we are to "presume the parties intended the term's ordinary meaning." *WWW.URBAN.INC. v. Drummond*, 508 S.W.3d 657, 666 (Tex.

App.—Houston [1st Dist.] 2016, no pet.) (quoting *Intercont'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009)).

### A. Applicable law

To be a prevailing party, the party must "obtain actual and meaningful relief, something that materially alters the parties' legal relationship." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 485–86 (Tex. 2019) (quoting *KB Home*, 295 S.W.3d at 659). "A defendant can obtain actual and meaningful relief, materially altering the parties' legal relationship, by successfully defending against a claim and securing a take-nothing judgment on the main issue or issues in the case." *Sunchase IV Homeowners Ass'n, Inc. v. Atkinson*, 643 S.W.3d 420, 424 (Tex. 2022) (quoting *Rohrmoos*, 578 S.W.3d at 486); *Blockbuster, Inc. v. C–Span Ent.*, 276 S.W.3d 482, 491 (Tex. App.—Dallas 2008, pet. granted, judgm't vacated w.r.m.) (a prevailing party is "the party who successfully prosecutes the action or defends against it on the main issue."). Here, the trial court awarded Landlord its attorney's fees "as the prevailing party on [Tenants'] breach of contract claim." Landlord, thus, obtained that award as a defendant in the litigation. The specific question before us, then, is whether Landlord successfully defended against Tenants' claim Landlord breached the Lease.

Successfully defending on the main action typically means "obtaining a take-nothing judgment on the main issue or issues in the case." *Bhatia v. Woodlands N. Houston Heart Ctr., PLLC*, 396 S.W.3d 658, 670 (Tex. App.—Houston [14th Dist.]

2013, pet. denied). "A prevailing party is one who is vindicated by the trial court's judgment." *Robbins v. Capozzi*, 100 S.W.3d 18, 27 (Tex. App.—Tyler 2002, no pet.). For example, a defendant successfully defends against a claim that it breached a contract when the jury finds the defendant did not breach the contract or was excused for its breach. *E.g.*, *Rohrmoos*, 578 S.W.3d at 486 (counter defendant was prevailing party because jury found counter plaintiff breached first, and trial court rendered take nothing judgment on counter plaintiff's counterclaim); *Bankcard Processing Int'l, L.L.C. v. United Bus. Servs.*, L.P., No. 01-10-01079-CV, 2012 WL 3776024, at *9 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, pet. denied) ("UBS was the prevailing party because it successfully defended this claim and the jury found that it did not breach the contract.").

In *Rohrmoos*, UTSW sued Rohrmoos for breach of a commercial lease. 578 S.W.3d at 476. Rohrmoos asserted a counterclaim for breach of contract against UTSW. *Id.* The jury found Rohrmoos and UTSW each breached the lease, but Rohrmoos breached first. *Id.* The trial court entered a take nothing judgment against Rohrmoos on its counterclaim. *Id.* at 476–77. In the supreme court, UTSW contended it was the prevailing party *as a defendant* because it successfully defended against Rohrmoos's counterclaim for breach of contract. *Id.* at 485. More specifically, UTSW "successfully defended" against the counterclaim by obtaining a jury finding that Rohrmoos breached first. *Id.* The Texas Supreme Court agreed and held UTSW was a prevailing party entitled to attorney's fees under the lease

because UTSW "successfully defended against Rohrmoos's breach of contract counterclaim, and the trial court rendered a take-nothing judgment in UTSW's favor as a counter-defendant." *Id.* at 486; *see also Atkinson*, 643 S.W.3d at 422, 424 (defendant was the prevailing party and entitled to recover attorney's fees because defendant obtained a take-nothing judgment on Atlkinson's substantive claims).

This Court reached a similar result in *Desio v. Bosque*, No. 05-19-00224-CV, 2019 WL 6974762 (Tex. App.—Dallas Dec. 20, 2019, no pet.) (mem. op.). Mike Del Bosque (Bosque) leased commercial property owned by Christine Flores Desio and managed by her son, Frank (the Desios). *Id.* at *1. One lease was for property on the first floor (the First-Floor Lease), and three leases were for second-floor suites (the Second-Floor Leases). *Id.* After the Desios locked Bosque out of the property, Bosque sued the Desios and asserted various claims, including breach of contract. *Id.* The Desios filed a counterclaim for breach of contract. *Id.* In their counterclaim, the Desios alleged Bosque defaulted on the leases by (1) abandoning the second-floor premises and failing to pay rent and (2) damaging and failing to maintain the first-floor premises. *Id.*

Following a bench trial, the trial court found in favor of Bosque on his claims against the Desios and on the Desios' counterclaim. *Id.* at *2. The trial court specifically concluded Bosque was not in default under the leases, but the Desios had breached the leases. *Id.* at *3. Bosque elected to recover on his breach of contract claim. *Id.* at *2. The trial court rendered judgment in favor of Bosque on (1) his

claims against the Desios; (2) the Desios' claim for breach of contract; (3) the Desios' affirmative defense of failure to mitigate damages; and (4) Bosque's affirmative defense of prior material breach. *Id.* The judgment awarded Bosque zero damages but awarded him attorney's fees. *Id.* In conclusions of law, the trial court concluded Bosque was entitled to recover reasonable and necessary attorneys' fees on his breach of contract claim against the Desios and on the Desios' breach of contract counterclaim against him. *Id.* at *3.

On appeal, this Court concluded Bosque was entitled to recover his fees as a prevailing party on the Desios' counterclaim (i.e., as a counter defendant), but not on his contract claim against the Desios (i.e., as a plaintiff). *Id.* at **6, 7. We first considered whether Bosque, as a counter defendant, "successfully defended against [the Desios'] breach of contract counterclaim" *Id.* at *6. We noted the trial court found in Bosque's favor as to the Desios' counterclaim and, "in doing so, the findings and judgment altered the legal relationship between the parties . . ." *Id.* Applying *Rohrmoos*, we concluded Bosque *as a counter defendant* was "a 'prevailing party' entitled under these leases to reasonable and necessary attorney's fees." *Id.* More specifically, Bosque prevailed on the counterclaim by obtaining favorable findings on the counterclaim (i.e., he was not in default under the lease, the Desios breached the leases, and the Desios were not entitled to judgment on the counterclaim). *See id.* at *6 ("In the findings of fact and in the judgment, the trial

court found in appellee's favor as a counter-defendant."). This analysis applies equally to the facts presented in this case.

### B.  Application of law to facts

Here, Landlord argued below that it was entitled to recover attorney's fees because Landlord prevailed on Tenants' breach of contract claim. In other words, Landlord contended it was a prevailing defendant. On appeal, Landlord maintains it was a prevailing party under the Lease because "it successfully defended the main issue in the case," which Landlord defines as "breach of the Lease" (i.e., the breach of contract claim). According to Landlord, it prevailed on that claim because "the jury found no damages and vindicated Landlord's withholding of $1,055 from the security deposit as reasonable." Tenants contend Landlord did not prevail on Tenants' breach of contract claim because the jury found Landlord breached the Lease. As a result, Landlord did not successfully defend against Tenants' breach of contract claim. We agree with Tenants.

The issue before us is whether Landlord successfully defended against Tenants' breach of contract claim and, as a result, was a prevailing defendant on that claim. The jury found Landlord breached the Lease. Unlike the prevailing party in *Rohrmoos*, Landlord did not obtain a jury finding as to whether Landlord or Tenants breached first. Landlord obtained no finding to excuse its breach and was not vindicated by the jury findings or judgment. Indeed, the finding that Landlord breached the Lease contradicts Landlord's contention it successfully defended

–11–

against the contract claim. *See Rohrmoos*, 578 S.W.3d at 485 (UTSW "successfully defended" against the counterclaim by obtaining a jury finding that Rohrmoos breached first); *see also Desio*, 2019 WL 6974762 at *6 (Bosque was a prevailing defendant after obtaining favorable finding he did not breach the leases); *Bankcard Processing Int'l*, 2012 WL 3776024, at *9 ("UBS was the prevailing party because it successfully defended this claim and the jury found that it did not breach the contract.").

We conclude the findings and judgment did not materially alter the legal relationship between the parties, and Landlord obtained no meaningful relief from them. *See KB Homes*, 295 S.W.3d at 655–66; *see also Desio*, 2019 WL 6974762 at *7. Accordingly, Landlord did not "successfully defend" against Tenants' claims and was not a prevailing party under the Lease. Under this record, we hold as a matter of law that Landlord was not a prevailing party as to Tenants' breach of contract claim and was not entitled to an award of attorney's fees. We sustain Tenants' first issue.

## III. Standing to assert counterclaims

In their second issue, Tenants assert Landlord lacked standing to assert a counterclaim for breach of contract against Tenants. They ask this Court to consider this issue if the counterclaim is relevant to the prevailing party analysis. As discussed above, the trial court's award of attorney's fees to Landlord was not based on Landlord's counterclaim. The counterclaim is, therefore, not relevant to the

prevailing party analysis at issue on appeal. Moreover, our determination of Tenants' first issue is dispositive of the issues raised on appeal. Accordingly, we do not address the merits of Tenants' second issue.

## CONCLUSION

Landlord was not a prevailing party on Tenants' breach of contract claim. Landlord, therefore, was not entitled to an award of attorney's fees under the Lease. Accordingly, we sustain Tenants' first issue, reverse the trial court's awards of $30,264.50 in attorney's fees to Landlord and conditional appellate fees to Landlord, modify the judgment to remove the award of attorney's fees and conditional appellate fees to Landlord, and affirm the judgment as modified.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

200656F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

AARON BIGBEE AND AHU
SIPAHIOGLU, Appellants

No. 05-20-00656-CV     V.

SAMADIAN FAMILY LIMITED
PARTNERSHIP, Appellee

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-00299-
2018.
Opinion delivered by Justice Partida-
Kipness. Justices Reichek and
Goldstein participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's awards of $30,264.50 in attorney's fees and conditional appellate fees to appellee Samadian Family Limited Partnership, and **MODIFY** the judgment to remove the awards of attorney's fees and conditional appellate fees to appellee Samadian Family Limited Partnership

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellants AARON BIGBEE AND AHU SIPAHIOGLU recover their costs of this appeal from appellee SAMADIAN FAMILY LIMITED PARTNERSHIP.

Judgment entered this 19th day of September 2022.