**Affirmed and Opinion Filed December 28, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00758-CV

### YVETTE BRANCH, Appellant
### V.
### LAURA MCCASKILL, COLDWELL BANKER RESIDENTIAL
### BROKERAGE COMPANY, AND NRT TEXAS, LLC, Appellees

**On Appeal from the 192nd District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-00311**

## MEMORANDUM OPINION
Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

Appellant challenges the trial court's judgment awarding attorney's fees to appellees. The trial court considered evidence of attorney's fees after having previously granted motions for summary judgment on the merits in favor of appellees. Appellant presents three issues here, asserting the trial court erred by awarding attorney's fees: (1) pursuant to contract; (2) pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA); and (3) that were not reasonable and necessary. We overrule appellant's first and third issues. We need

not and do not decide appellant's second issue. *See* TEX. R. APP. P. 47.1. We affirm the trial court's judgment awarding attorney's fees to appellees.

*Factual background*

Non-parties Mathew and Katherine Bergin entered into a "TREC One to Four Family Residential Contract (Resale)" with appellant Yvette Branch for the sale of real property. Appellees—Laura McCaskill, Coldwell Banker Residential Brokerage Company, and NRT Texas, LLC—represented the Bergins in the transaction. Appellant was represented by her own real estate agent and broker when she executed the contract with the Bergins. Appellees never represented appellant.

Appellant failed to close the deal. In response, the Bergins—in another lawsuit[1]—sued appellant for specific performance. Soon after the deal foundered, appellant shut off utilities at the property, moved to Georgia, and left the property vacant.

Months later, appellant and the Bergins reaffirmed the original contract in a mediated Rule 11 agreement,[2] which stated, in pertinent part, that the parties would: (1) reaffirm the contract for the property; (2) close on the property on or before January 29, 2018; (3) turn on the electricity and water at the property in appellant's name and at her expense; (4) deliver the key to the property to the buyers' lawyer in

---

[1] *Mathew Bergin and Katherine Bergin v. Yvette Branch*, Cause No. DC-17-07239, In the 191st District Court of Dallas County, Texas.

[2] TEX. R. CIV. P. 11 ("agreements to be in writing").

trust to be delivered to the buyers' agent (McCaskill) to facilitate entry by the buyers' inspectors and appraisers; and (5) have the property re-inspected for any additional damages since the initial inspection. The settlement agreement does not prohibit the Bergins or appellees from entering the property.

McCaskill was entrusted with a key to the property and visited it several times to facilitate the sale. She allowed at various times the Bergins, gas-company workers, and inspectors into the property. During one of McCaskill's visits, damage, possibly caused by mold, was discovered in a laundry room. Appellees did not notify appellant of the damage. During one visit, the Bergins bought three space-heaters and left them in the home to avoid damage from cold temperatures. Later, appellant argued in the hearing on appellees' motions for summary judgment that "in the meantime, Ms. McCaskill allowed the buyers to set up heaters in the home which, you know, adding heat to mold is certainly going to exacerbate the problem. And so any damage that was caused in between those days is the fault of the—of Ms. McCaskill. That's the basis of our case."

*Procedural background*

Appellant alleged in her first amended petition claims for violations of the DTPA,[3] fraud by non-disclosure, trespass, negligent misrepresentation, negligence,

---

[3] TEX. BUS. & COM. CODE ANN. §17.41 et seq.

gross negligence, tortious interference, civil conspiracy, fraudulent concealment, breach of fiduciary duty, and vicarious liability. Appellant alleged mental anguish. Appellant sought compensatory and exemplary damages.

Appellees' answer contained a general denial and affirmative defenses.

Subsequently, appellees filed a combined traditional and no-evidence summary judgment motion. In their traditional motion for summary judgment, appellees argued the DTPA is not available against them in this case; appellant was not a DTPA consumer; appellant's claims for fraud by non-disclosure and negligent misrepresentation fail because appellees did not fail to disclose any facts to appellant; appellant's claim for breach of fiduciary duty fails because appellees were not fiduciaries of appellant; appellant's negligence and gross negligence claims fail because appellees did not owe a duty to appellant; appellant's trespass claim fails because appellant specifically granted access to the property to the appellees; and appellant's tortious interference claim fails as a matter of law. Appellees argued in their no-evidence motion for summary judgment that no evidence supported appellant's claims of negligence, gross negligence, breach of fiduciary duty, violation of the DTPA, civil conspiracy, trespass, tortious interference, fraud by non-disclosure, or negligent misrepresentation.

In response to appellees' motion for traditional summary judgment, appellant argued the DTPA applies to appellees; appellant is a DTPA consumer; and appellees owed a legal duty to appellant for purposes of negligence and gross negligence. In

–4–

appellant's response to the no-evidence motion for summary judgment, she argued evidence supported her claims for negligence, gross negligence, and violation of the DTPA.

The trial court granted both of appellees' motions for summary judgment, ruled that appellant take nothing from appellees, held appellees were entitled to attorney's fees, and reserved the issue of appellees' claims for attorney's fees—including under section 17 of the contract and under section 17.50(c) of the DTPA[4]—for future hearing.

Subsequently, appellees moved for an award of attorney's fees. Appellees argued entitlement to attorney's fees pursuant to section 17 of the contract and chapter 38 of the Texas Civil Practice and Remedies Code.[5] Appellees sought attorney's fees of at least $16,200 to the date of the attorney's fees motion; at least $15,000 in the case of appeal to the court of appeals; and at least $17,000 if the matter were appealed to the Supreme Court of Texas.

Appellant responded to the motion for attorney's fees and argued the American Rule provides that opposing sides in a legal matter pay their own attorney's fees; a claimant must recover actual damages to be entitled to attorney's

---

[4] TEX. BUS. & COM. CODE ANN. §17.50(c) ("On a finding by the court that an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs.").

[5] TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 ("Recovery of Attorney's Fees").

fees; appellees were not prevailing parties under the contract; chapter 38 of the Civil Practice and Remedies Code does not authorize an award of attorney's fees to a party who successfully defends a claim enumerated therein; appellant's claims are not related to the contract; appellant and appellees are not parties to any contract; unclean hands and fraudulent activities precluded an award of attorney's fees, and appellee's requested attorney's fees were not reasonable and necessary.

At the subsequent hearing on attorney's fees, appellees' counsel, Julie Lane, discussed her professional experience and details of her representation of appellees. She argued appellees were entitled to an attorney's fee award based on the contract, which was attached to appellees' motion, and on chapter 38 of the Texas Civil Practice and Remedies Code. Lane argued that appellees were prevailing parties because they successfully defended all claims. She provided evidence, including evidence of her hourly rate in the case, and introduced evidence of hours worked via redacted legal invoices. Lane argued that the total amount of reasonable and necessary attorney's fees, including preparing for and attending the hearing on attorney's fees and for preparing an order, was $17,280.

Appellant argued at the attorney's fees hearing that the causes of action she alleged did not arise from the contract but from "issues of behavior," such as the alleged DTPA violations and trespass. Appellant argued:

> In essence, Your Honor, here's my—here's my summation of the case. They're not entitled to fees because none of the claims are related to the contract. If we balled it up and threw it away, threw the contract away,

those claims would still stand with or without the contract. You came into my property without—without my knowledge or consent, that's trespass.

Appellant also appears to have argued that any attorney's fees should be reduced due to "$20,000 worth of damage done to that property." Appellant argued that "the real estate agent does admit to being in that property at least ten times without my knowledge and without me consenting to that. . . . And so, they will say that there's some damage that occurred, but it was—of course, it was there before we even got there." Appellant also argued that some services claimed by appellees' attorney was not reasonable and necessary.

The trial court signed an order granting appellees' motion for attorney's fees. The trial court awarded appellees attorney's fees of $17,280 for services connected with trial, $15,000 in the event of successful defense of the judgment "to the circuit court," and $17,000 in the event of successful defense of the judgment in the Texas Supreme Court.

Neither party requested findings of fact or conclusions of law, and the trial court filed none.

This appeal followed.

*Standard of review*

Whether attorney's fees are available to a party under a contract or statute is a question of law that we review de novo. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). Generally, we review the decision by a district court to

either grant or deny attorney's fees under an abuse of discretion standard. *See EMC Mortg. Corp. v. Davis*, 167 S.W.3d 406, 418 (Tex. App.—Austin 2005, pet. denied). The trial court abuses its discretion if it acts without reference to any guiding principles, and we must determine whether the trial court's action was arbitrary or unreasonable. *Id.* We review the amount of attorney's fees awarded under a legal sufficiency standard, viewing the evidence in a light that tends to support the disputed finding and disregarding evidence and inferences to the contrary. *Id.* "If more than a scintilla of evidence supports the challenged finding, the legal sufficiency challenge must fail." *Id.*

When, as in this case, findings of fact and conclusions of law are not requested or filed, we will imply all findings necessary to support the trial court's rulings that are supported by the record. *See Myers v. HCB Real Holdings, LLC*, Nos. 05-20-00419-CV, 05-20-01046-CV, 2022 WL 4298553, at \*2 (Tex. App.—Dallas Sept. 19, 2022, no pet.) (mem. op.).

*First issue: attorney's fees were authorized*

Appellant argues appellees were not entitled to attorney's fees because (1) appellees have no claims of their own on which to base attorney's fees; (2) "there is no breach of contract claim"; (3) appellees have not "prevailed" on a cause of action, only defended against appellant's claims; (4) appellant's causes of action were not "related to this contract"; (5) there was no compensable injury; and (6) appellees secured no enforceable judgment.

Appellant argues that appellees were not entitled to attorney's fees because they were not prevailing parties as required by paragraph 17 of the TREC form contract. We reject appellant's argument. "A defendant can obtain actual and meaningful relief, materially altering the parties' legal relationship, by successfully defending a claim and securing a take-nothing judgment on the main issue or issues in the case." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 486 (Tex. 2019). That is what appellees did here. Appellees successfully defended against eleven causes of action and achieved a take-nothing summary judgment. *See Goldman v. Olmstead*, 414 S.W.3d 346, 366-67 (Tex. App.—Dallas 2013, pet. denied) ("In this case, the contract for the sale of Stanford house provided that the prevailing party in any legal proceeding related to the contract is entitled to recover reasonable attorney's fees. . . . A prevailing party is the party who successfully prosecutes a cause of action or defends against it.").

Based on *Rohrmoos* and on our *Goldman* opinion, we reject appellant's arguments that the trial court abused its discretion by impliedly concluding that appellees' attorney's fees were legally authorized, despite appellant's assertions that appellees (1) did not have a claim of their own; (2) did not "prevail" on a cause of action but simply defended against appellant's causes of action; (3) failed to demonstrate a compensable injury; and (4) secured no enforceable judgment.

We also reject appellant's remaining arguments that the trial court abused its discretion by awarding appellees' attorney's fees, despite her assertions that (1)

"there is no breach of contract" and (2) the causes of action here are not "related to this contract." Appellees respond that paragraph 17 of the TREC form agreement authorizes an award of attorney's fees. Paragraph 17 provides:

> A Buyer, Seller, Listing Broker, Other Broker, or escrow agent who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding.

Appellees argue that the non-contractual claims are "related to" the real-estate contract here, as paragraph 17 requires.

We agree with appellees. The phrase "legal proceeding related to this contract" in paragraph 17 provides a recognized basis for an award of attorney's fees although appellant's alleged claims do not include breach of contract. Our *Goldman* opinion addressed a case involving the sale of a house and a TREC "One to Four Family Residential Contract." *Goldman*, 414 S.W.3d at 352. That contract contained an attorney's fee provision identical to that in the contract here. *Id.* at 366. Two third-party defendants successfully defended against claims of negligence, breach of fiduciary duty, violations of the DTPA, fraud in a real estate transaction, fraud, and negligent misrepresentation. *Id.* The trial court found the third-party defendants were prevailing parties under the contract and that they had incurred reasonable and necessary attorney's fees in the amount of $150,000 "in this legal proceeding related to the Contract." *Id.* The third-party plaintiffs failed to challenge the trial court's finding that the case was a legal proceeding related to the contract for the sale of the house. *Id.* at 367. Hence, we upheld the trial court's award of attorney's fees. *Id. See*

–10–

*also Lawson v. Keene*, No. 03-13-00498-CV, 2016 WL 767772, at *4 (Tex. App.—Austin Feb. 23, 2016, pet. denied) (mem. op.) (construing TREC contract with paragraph 17 identical to the TREC contract with its paragraph 17 at issue here and involving allegations of violation of the DTPA, fraud in a real estate transaction, common law fraud, negligent misrepresentation, and breach of fiduciary duty); *Podder v. Funding Partners L.P.*, No. 03-09-00458-CV, 2010 WL 850175, at *5 (Tex. App.—Austin Mar. 12, 2010, pet denied) (mem. op.) (construing real estate sales contract that provided the "prevailing party in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees . . ." and stating, "We do not read the language of the contractual provision authorizing attorney's fees to limit recovery of fees to claims of breach of contract. Rather, the language broadly refers to all suits 'related to this contract.'"); *Sierra Assoc. Grp., Inc. v. Hardeman*, No. 03-08-00324-CV, 2009 WL 416465, at *9 (Tex. App.—Austin Feb. 20, 2009, no pet.) (mem. op.) (construing similar paragraph 17 in TREC contract that provided, "The prevailing party in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding incurred by the prevailing party. . . ." and stating, "Although based in tort and statutory causes of action, the litigated claims all relate to the sales contract. . . . We therefore reject Sierra's contention that its lawsuit was not 'a legal proceeding related to this contract' within the meaning of paragraph 17."). *See also Grove v. Franke*, No. 09-18-00119-CV, 2019 WL 5243152, at *7 (Tex. App.—Beaumont Oct. 17, 2019, pet.

denied) (mem. op.) (affirming attorney's fees award, based on a contract provision identical to the fee provision here, to agents who successfully defended against a claim of statutory fraud in a real estate transaction).

We follow our *Goldman* opinion. And we a persuaded by the reasoning contained in *Lawson*, *Podder*, *Hardeman*, and *Grove*. The trial court heard evidence to support the implied conclusion that—as the trial court expressly concluded in *Goldman*—this lawsuit is a legal proceeding related to the contract for the sale of appellant's property. Accordingly, we reject appellant's arguments that the award of attorney's fees was erroneous on grounds that (1) breach of contract was not alleged as a cause of action and (2) the causes of action here are not "related to this contract." The trial court did not abuse its discretion in determining the contract—subject to pleading and proof of reasonable and necessary fees—authorized an award of attorney's fees. We overrule appellant's first issue.

*Third issue: the reasonableness and necessity of awarded attorney's fees*

Appellant suggests numerous additional arguments in her attack on the trial court's award of attorney's fees. For the most part, appellant asserts the fees awarded by the trial court were not reasonable and necessary for appellees' legal representation. We conclude that the trial court did not abuse its discretion by awarding appellees attorney's fees in the amount of $17,280.

We review the trial court's decision to grant or deny attorney's fees for an abuse of discretion. *Spector Gadon & Rosen, P.C. v. Sw. Sec., Inc.*, 372 S.W.3d

244, 251 (Tex. App.—Dallas 2012, no pet.) ("The fixing of a reasonable attorney's fee is a matter within the sound discretion of the trial court, and its judgment will not be reversed on appeal absent a clear abuse of discretion."). Legal and factual sufficiency of the evidence are not independent grounds under this standard of review but are relevant factors we may consider in assessing whether the trial court abused its discretion. *Id.*

Appellees' original answer alleged they were "entitled to recover their reasonable and necessary attorney's fees and costs in accordance with Chapter 38 of the Texas Civil Practice & Remedies Code." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 ("recovery of attorney's fees").[6]

Appellees provided testimony and an affidavit of their attorney concerning attorney Lane, the case, services provided, hours performed, and hourly rates. Appellees also introduced the real-estate contract, the attorney-client contract, and detailed billing invoices for services rendered on behalf of appellees. Appellees' attorney testified concerning relevant lodestar factors applicable in this case. *See Rohrmoos,* 578 S.W.3d at 498 (noting starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate by considering evidence including (1) the particular services performed, (2) who

---

[6] Section 38.001(b) of the Texas Civil Practice and Remedies Code provides: "A person may recover reasonable attorney's fees from an individual or organization other than a quasi-governmental entity authorized to perform a function by state law, a religious organization, a charitable organization, or a charitable trust, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRACI. & REM. CODE ANN. § 38.001(b).

performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services); *Canadian Real Estate Holdings, LP v. Karen F. Newton Revocable Trust*, No. 05-20-00747-CV, 2022 WL 4545572, at *3 (Tex. App.—Dallas Sept. 29, 2022, no pet. h.) (mem. op.) (same). The total of the billing records was $16,380. Lane testified that additionally, her preparing for and attending the hearing on attorney's fees and her preparing an order on attorney's fees brought the total attorney's fees to $17,280.

The trial court considered ample evidence to support an implied finding that the attorney's fees awarded here were reasonable and necessary. *See Myers,* 2022 WL 4298553, at *2. Accordingly, we reject appellant's contention that the trial court abused its discretion in awarding attorney's fees in the amount of $17,280. We overrule appellant's third issue. [7]

*Conclusion*

We overrule appellant's first and third issues. We do not decide appellant's second issue.

---

[7] Because we conclude the trial court did not abuse its discretion in awarding appellees' reasonable and necessary attorney's fees based on the contractual language here, we need not and do not address appellant's second issue that the trial court erred by awarding attorney's fees for frivolous litigation under section 17.50(c) of the DTPA.

We affirm the trial court's judgment.

210758f.p05

/Bill Pedersen, III/

BILL PEDERSEN, III
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

YVETTE BRANCH, Appellant

No. 05-21-00758-CV    V.

LAURA MCCASKILL and
COLDWELL BANKER
RESIDENTIAL BROKERAGE NRT
TEXAS LLC, Appellees

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-00311.
Opinion delivered by Justice
Pedersen, III. Justices Myers and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees LAURA MCCASKILL and COLDWELL BANKER RESIDENTIAL BROKERAGE NRT TEXAS LLC recover their costs of this appeal from appellant YVETTE BRANCH.

Judgment entered this 28th day of December 2022.